SOUTH CHICAGO RAILROAD COMPANY

*v.*

MORGAN DIX *et al.*

*Filed at Ottawa November 20, 1883.*

1. EMINENT DOMAIN—*condemnation for switches, turn-outs and side-tracks—limitations and conditions.* A railway corporation organized under the general act of 1872, and the amendment thereto of 1877, is expressly empowered to condemn land for the purpose of switches, turn-outs and side-tracks, when necessary for the successful operation of its road.

2. The general Railroad act requires the persons incorporating a company to name the places from and to which it is intended to construct the proposed railway, but no limitation is laid down as to the places where switches, turn-outs or side-tracks shall be constructed.

3. Under the power of an incorporated railway company to condemn land necessary for side-tracks, turn-outs or switches, it has no right to take land for the construction of an independent branch road to subserve only new private interests.

4. But it is no valid objection to the condemnation of a strip of land for a switch or a side-track of a railway corporation, that the proposed track may serve private use, if in addition to serving such use it is one also necessary for the successful and convenient operation of the main line of the railroad.

5. Where a railway corporation is limited by the authorities of an incorporated village or town to thirty feet in the center of a public street on which to locate its main track, and it becomes necessary to construct a switch or side-track, it is no objection to the condemnation of land for that purpose that it runs perpendicular to the main track, there not being room enough in the right of away along the street for the side-track in addition to its two main tracks.

6. To deny a petition of a railway company for the condemnation of land for a side-track, it should appear that the object thereby sought is clearly an abuse of power, and a taking of private property for an object not required for the convenient operation of the road.

APPEAL from the County Court of Cook county; the Hon. RICHARD PRENDERGAST, Judge, presiding.

This was a petition by the South Chicago Railroad Company, under the Statute of Eminent Domain, for the condemnation of a strip of ground thirty feet in width, extending north from Seventy-first street, in Hyde Park, through blocks 12, 7 and 4, crossing Seventieth and Sixty-ninth streets, to a lot of land, part of block 4, occupied by the water-works of the village of Hyde Park and town of Lake,—a distance of 1651 feet. The petition alleges the petitioner to be a corporation organized under the laws of the State, and authorized to construct and operate a line of railroad from a point on the line of the Illinois Central railroad between the stations of Hyde Park and Grand Crossing, on said road, in the township of Hyde Park, to the village of South Chicago, in said township; that petitioner had located its line of road, and that the said strip of ground was necessary for the right of way, side-tracks, depot grounds, appurtenances, etc., required by the petitioner to construct its railroad. Certain of the defendants filed a motion to dismiss the petition, and the affidavit of William D. Kerfoot in support of the motion. In opposition to the motion, the petitioner submitted its articles of incorporation, an ordinance passed by the president and trustees of the village of Hyde Park on the 3d of April, 1882, giving the petitioner permission to construct its line in said village, and locating the part in question upon the strip sought to be condemned, and the affidavit of Edward T. Jeffrey. A plat of the premises was offered, showing the land described in the petition, and the location of the railroad. The court sustained the motion, and entered an order dismissing the petition, and the petitioner appealed to this court.

By the ordinance of the board of trustees of the village of Hyde Park, of April 3, 1882, the petitioner is granted permission to locate and construct a line of railroad upon the

following route in the village of Hyde Park, namely: Beginning at a point on the Illinois Central railroad near Seventieth street, thence south-easterly on a curve to Seventy-first street, and thence east on the center thirty feet of Seventy-first street to Railroad avenue; thence on Railroad avenue, and along that part of it lying within fifteen feet on each side of the center line thereof, etc., to South Chicago; also, from a point on the first described line, near the east line of section 24, northerly, on a curve, to a point near the west line of Yates avenue, thence north on land west of Yates avenue to the Hyde Park water-works. The last is across the lands here sought to be condemned. The ordinance further provides, "that one or more tracks shall be laid down and ready for operation, from the junction with the Illinois Central railroad to South Chicago, and from that line to the Hyde Park water-works, within twelve months from the passage of this ordinance; and said company shall switch to said water-works for the village of Hyde Park, at the usual rates charged for similar service, such coal, in car load lots, as may be needed for use at said works, in default whereof (including other requirements) the rights and privileges hereby granted shall cease, and be null and void."

The affidavit of Kerfoot sets forth that he is a real estate agent, and that the strip of ground in the petition mentioned is a strip which, after making the curve therein described, extends upon a line perpendicular to said Seventy-first street, north, to the water-works of the village of Hyde Park; that the strip is now actually occupied by the railroad company, not as a part of its line to South Chicago, but as a branch or spur road, running northerly therefrom, and is used, or designed to be used, by certain coal dealers who supply, or are expected to supply, coal to be used at said water-works; that such branch is not designed to be used or available for use by the general public, either for freight or passenger

traffic, or for any other or different use than that to which it is to be put by said coal dealers.

The affidavit of Jeffrey is, that he is the general superintendent of the South Chicago Railroad Company; that the company has completed a double track railroad, extending from the Illinois Central railroad to South Chicago, it being, for the most part, upon and along certain public streets in the village of Hyde Park; that the land sought to be condemned is required for a side-track, which is necessary for the convenient and successful operation of the railroad, as well as to reach the water-works; that as the company is restricted to the use of thirty feet in width along the center of said streets, there is not sufficient room in the space so limited for the construction of any side-track, and the company is compelled to seek such necessary facilities, outside of the street, as will best suit its business and the accommodation of the public; that the use of the said side-track is indispensable for the delivery of freight, and for the switching, storing and handling of cars; that, in his opinion, it would be impossible for the railroad company to operate conveniently and successfully its line of road if deprived of the side-track in question, it being impracticable, under the provisions of the ordinance, to locate and construct a suitable side-track except upon the premises in question. The South Chicago railroad extends five miles in length.

Mr. W. C. Goudy, for the appellant:

The railroad company is the proper judge of what land is necessary for the successful operation of its road. The power to condemn for switches is given by the statute. The court can not refuse the petition unless it can see that there is clearly an abuse of power in taking private property for an object not required for the convenient operation of the road. Dillon on Mun. Corp. secs. 405, 456; *Chicago, Rock Island and Pacific R. R. Co.* v. *Lake,* 71 Ill. 336; *People* v. *Smith,*

21 N. Y. 505; *Railroad Co.* v. *Kip*, 46 id. 546; *Lake Shore and Michigan Southern R. R. Co.* v. *Chicago and Western Indiana R. R. Co.* 97 Ill. 506; *Smith* v. *Chicago and Western Indiana R. R. Co.* 105 id. 511; *New York Central R. R. Co.* v. *Gas Light Co.* 63 N. Y. 326; *Chicago and Western Indiana R. R. Co.* v. *Dunbar,* 100 Ill. 125.

The power to condemn lands necessary for the road is impliedly granted.    Mills on Eminent Domain, sec. 59; *Getz's Appeal,* 3 Am. & Eng. Ry. Cas. 186; *Toledo and Wabash Ry. Co.* v. *Daniels,* 16 Ohio St. 390; *Railroad Co.* v. *Speer,* 56 Pa. St. 325; *Protzman* v. *Railroad Co.* 9 Ind. 467.

In Illinois express statutory power is given therefor by section 17 of the general Railroad act.    *Philadelphia, Wilmington and Baltimore R. R. Co.* v. *Williams,* 4 P. F. S. 103; *Cleveland and Pittsburg R. R. Co.* v. *Speer,* 6 id. 335; *Black* v. *P. and R. R. R. Co.* 8 id. 252; *Protzman* v. *Railroad Co.* 9 Ind. 467; *Fall River Iron Works* v. *Railway Co.* 5 Allen, 221; *Carson* v. *Railroad Co.* 35 Cal. 325; *Commonwealth* v. *Railroad Co.* 14 Gray, 379; *Railway Co.* v. *State,* 3 Ind. 421.

The proposed track is a side-track or switch, or an appurtenant track, and not a separate and independent branch road.

Messrs. Paddock & Aldis, for the appellees:

The county court had jurisdiction to judge for itself, and by extrinsic evidence, whether or not the railroad authorized by the charter was in fact located across or upon the land sought to be condemned.    Such location on defendant's land was the condition precedent of the power of the court to act upon the petition at all.    The statute having provided no other mode, it was proper to raise the question of dismissal in the mode pursued.    General Railroad Law, sec. 18; Eminent Domain Law, secs. 1–10; *Smith* v. *Chicago and Western Indiana R. R. Co.* 105 Ill. 511.

The jurisdiction was properly exercised by the dismissal of the petition, on the grounds shown in the affidavits.    General

Railroad Law, sec. 18; Eminent Domain Law, secs. 1–10; *Smith* v. *Chicago and Western Indiana R. R. Co.* 105 Ill. 511; *Chicago, Burlington and Quincy R. R. Co.* v. *Wilson,* 17 Ill. 123; *St. Louis, Jacksonville and Chicago R. R. Co.* v. *Trustees,* 43 id. 303; *City of East St. Louis* v. *St. John,* 47 id. 464; *Peoria, Pekin and Jacksonville R. R. Co.* v. *Peoria and Spring-field R. R. Co.* 66 id. 174; *Mitchell* v. *Illinois and St. Louis R. R. Co.* 68 id. 288; *Chicago, Rock Island and Pacific R. R. Co.* v. *Town of Lake,* 71 id. 333; *Chicago and Western Indiana R. R. Co.* v. *Dunbar,* 100 id. 110; Cooley's Const. Lim. 530.

Power to build a branch depends on express statute. *Morris and Essex R. R. Co.* v. *Central R. R. Co. of New Jersey,* 2 Vroom, 205; *Balt. and H. Turnpike Co.* v. *Union R. R. Co.* 35 Md. 224.

As to what is a lateral road, and under what authority it may be built, see *Newhall* v. *G. and C. U. R. R. Co.* 14 Ill. 273.

Mr. Chief Justice Sheldon delivered the opinion of the Court:

The South Chicago Railroad Company was incorporated under the general act for the incorporation of railroad companies, in force March 1, 1872, and the amendment thereto, of May 11, 1877. The power to condemn property for the purpose of switches, turn-outs and side-tracks, is conferred, in express terms, by section 17 of the act. By the act, the persons incorporating a company are to name the places from and to which it is intended to construct the proposed railway, but no limitation is laid down as to the places where switches, turn-outs, or side-tracks are to be constructed. When it is necessary to cross or occupy streets in cities or villages, the consent of the authorities thereof must first be obtained, as provided by clause 5, of section 19, of the act. Hyde Park is incorporated as a village under the general law, and clause 25, section 62, of the law, confers power on the board of trustees "to provide for the *location,* grade and

crossing of any railroad." This railroad and this proposed track being within the limits of the village of Hyde Park, its board of trustees have by ordinance fixed the location of the main line of the road and this proposed track, determining what streets the road might occupy and cross.

The question in the case is, whether the proposed track is a switch or side-track, or is it an independent branch road. Appellant contends for the former, and appellee for the latter, and it is conceded by appellant's counsel if the track be this latter, there is no right to build it, and no power to condemn land for it.

As showing the proposed track to be an independent branch road, the fact of the track running to the water-works of the village, and being used for carrying coal to those works, is relied upon, as also the provision of the ordinance making it a condition that this track should be built to these water-works of the village. It is insisted that this is a mere private use, and that the track was built to serve this use, and because the company was obliged to build it by the requirement of the ordinance. This certainly shows that the track does serve this private use, and that it was designed to do so; and if it served this use merely, and was not an aid in the convenient operation of the main line of the railroad, appellee's position would be maintained. But if, in addition to serving such use, the track be one which is necessary for the convenient operation of the main line of the railroad, then it may properly come within the purview of a side-track. A side-track can surely be none the less such, because, in addition to the purposes of a side-track proper, it subserves some other private individual use.

There is little force in the circumstance that the track runs perpendicular to the main line. That was the location made by the board of trustees, who had the power of fixing the location. It appears that within the thirty feet in width along the streets to which the company was restricted, there

was not room, in addition to the two main tracks, for the construction of any side-track, and the company was compelled to go outside of the street for a side-track, and the place of its location it was for the company and the authorities of Hyde Park alone to determine.

All that appears in the record upon the subject of the character of the track is the petition, plat, and the affidavits of Kerfoot and Jeffrey. As between the opposing opinions of the two latter whether the proposed track is a branch road or a side-track, that of the manager of the railroad is, we think, entitled to higher consideration than that of the real estate agent. To deny the petition it should appear that what is sought is clearly an abuse of power, and a taking of private property for an object not required for the convenient operation of the road. See *Matter of B. and A. R. R. Co.* 53 N. Y. 574; *In re N. Y. C. R. R. Co.* v. *M. G. L. Co.* 63 id. 326; *Chicago, Rock Island and Pacific R. R. Co.* v. *Town of Lake,* 71 Ill. 333; *Smith* v. *Chicago and Western Indiana R. R. Co.* 105 id. 511; *C. and P. R. R. Co.* v. *Speer,* 56 Pa. St. 325; *In re N. Y. C. and H. R. R. Co.* 77 N. Y. 248.

The petition avers that the land asked to be condemned is necessary for the right of way, side-tracks, etc., required to construct the railroad. The statement of the manager, Mr. Jeffrey, is most distinct that the land is required for a side-track, which is necessary for the convenient and successful operation of the railroad. It can not, we think, be said, from anything appearing in the record, that the proposed track was for a use foreign to the purposes of the main line of the railroad, and not needful for its operation.

We are of opinion the court below erred in dismissing the petition, and not submitting the case to the jury to assess the damages, and the judgment must be reversed and the cause remanded.

*Judgment reversed.*