# The Chicago, Rock Island and Pacific Railway Company

## *v.*

## The City of Chicago.

*Filed at Ottawa October 31, 1892.*

| | |
|---|---|
| 143 | 641 |
| 148 | 482 |
| 143 | 641 |
| 161 | 112 |
| 143 | 641 |
| 163 | 527 |
| 143 | 641 |
| 164 | 638 |
| 143 | 641 |
| 174 | 302, |
| 143 | 641 |
| 176 | 117 |
| 77a | 239 |
| 143 | 641 |
| 208 | 7254 |

1. Municipal corporation — *effect of annexation.* Under the Annexation act of 1889, when a town is annexed to a city, as therein provided, the jurisdiction of the city will extend over the territory which had been within the corporate limits of the town, and the latter will cease to exist as a municipal corporation capable of exercising corporate powers and functions.

2. Same — *annexation of town to city — rights continued.* Where an incorporated town, after the recovery of a judgment of condemnation of land for a street, becomes annexed to an adjoining city, such judgment may, notwithstanding the annexation, be enforced with like force and effect as though no annexation had taken place.

3. Same — *enforcing judgment in favor of town after its annexation.* By the annexation of a town to a city the former will cease to have corporate officers and agents of its own, and cease to exist as a corporate body having capacity to act; and the enforcement of a judgment of condemnation, by paying the compensation awarded and taking possession of the land condemned, and opening a public street over the same, can be accomplished at the election and by the act of the city, and not otherwise.

4. The statute relating to the annexation of towns and villages to cities, in effect authorizes the city to which the annexation is made, to enforce any judgment obtained for or on behalf of the city, town or village which is subsequently annexed to it, and to use the name of the corporation annexed in so doing.

5. As a city to which a town is annexed has the right to avail of a judgment in favor of the town in a proceeding to condemn a strip of land for a street, it follows that all the obligations and burdens that the judgment imposed upon the town will be shifted to the shoulders of the city,—in other words, the city will stand in the shoes of the town, and the act of the town in obtaining the judgment of condemnation will be regarded as the act of the city.

6. Eminent domain — *abandonment after judgment of condemnation.* A municipal corporation seeking to condemn real estate for public use, may, after the assessment of damages and judgment of condemnation, abandon the enterprise in aid of which the condemnation is

41—143 Ill.

sought, and unless, within a reasonable time, the damages are paid and possession taken of the property condemned, the proceeding will be regarded as abandoned.

7. To relieve a city from the payment of the compensation and damages in a proceeding to condemn land for a street, on the ground of abandonment, there must be an abandonment, in good faith, of the improvement contemplated, or a change of location or route, or an abandonment of the design of taking the particular property involved for public use.

8. SAME—*judgment of condemnation a bar to second proceeding.* A municipal corporation can not ignore an assessment of damages made at its instance and a judgment of condemnation of land procured by it, and by the filing of a new petition obtain a re-assessment of damages by another jury. A second petition after judgment of condemnation will be dismissed on affidavits showing the prior judgment.

9. SAME—*right to second proceeding to condemn, how contested.* If a city seeks a second condemnation of the same land for the same purpose, the right may be contested by a preliminary motion, supported by affidavits, and certified copies of the judgment of condemnation rendered, and of the ordinances upon which such judgment was based. The remedy at law being complete in such case, a bill in equity to enjoin the second proceeding will not lie for want of jurisdiction.

10. SAME—*pleadings in condemnation proceedings.* In a proceeding by a city for the condemnation of land for a street it is not competent for the defendant to either answer or plead to the petitioner, as the only question that can be tried by the jury is the question of compensation or damages. But the courts are clothed with ample power to prevent any abuse of the right to condemn.

11. CHANCERY JURISDICTION—*to enjoin condemnation proceeding.* A court of equity has no jurisdiction of a bill to enjoin a city or municipal corporation from taking a second proceeding to condemn land for a street, when the lands sought to be condemned and the purposes of the second proceeding are the same as in the first, for the reason that the land owner's remedy, by motion and affidavits, is ample and complete in the proceeding at law.

APPEAL from the Superior Court of Cook county; the Hon. KIRK HAWES, Judge, presiding.

Mr. THOS. S. WRIGHT, and Mr. ROBERT MATHER, for the appellant.

Mr. J. S. MILLER, for the appellee.

Mr. Justice Baker delivered the opinion of the Court:

By this bill for an injunction the appellant railway company sought to restrain the city of Chicago from prosecuting its petition for the condemnation of a strip of land which is a part of the right of way of the company. The land in question is within the limits of Chicago, and within the former corporate limits of the municipal corporation known as the town of Lake. The proposed condemnation was for the purpose of opening and extending Sixtieth street. The Superior Court of Cook county sustained a demurrer to the bill, dissolved the preliminary injunction that had been granted, and dismissed the bill of complaint for want of equity.

Several years prior to the filing of this bill the town of Lake provided, by ordinance, for the opening of Sixtieth street on either side of the right of way of appellant, and, for the purpose of making the street continuous, provided by ordinance for the condemnation of the strip of land above mentioned. The town thereupon prosecuted, in the Superior Court of Cook county, its petition for the condemnation of said land, and in that proceeding the just compensation to be made for the taking or damaging of said land for the purpose of opening Sixtieth street was fixed at $900, and on January 12, 1889, a judgment was rendered authorizing the town to take possession of and damage said strip of land through the right of way of appellant, for the purpose of opening said street, upon payment of said compensation of $900. Shortly after the rendition of such judgment the town of Lake, under and by virtue of the provisions of the Annexation act, approved and in force April 25, 1889, (Laws of 1889, pp. 66 to 77 incl.) was annexed to and became a part of the city of Chicago. After such annexation, and on January 27, 1890, the city of Chicago adopted an ordinance for the opening of Sixtieth street, in the same manner, upon the same route, and by the condemnation of the same lots, pieces and parcels of land,

and of the same strip of land through the right of way of appellant, that had been described and specified in the ordinances of the town of Lake. On July 1, 1890, the city filed in the circuit court of Cook county its petition for the condemnation, for the purposes of said street, of the property specified in the ordinance of January 27, 1890, including the strip of land which is a part of the right of way of appellant, and prayed for the ascertainment, by a jury, of the just compensation to be made for the taking or damaging of such property and such strip of land through said right of .way. Shortly thereafter, on July 15, 1890, the town of Lake, without notice to appellant and without its consent, procured an order to be entered in the Superior Court which purported to dismiss the petition for condemnation theretofore filed by it, and upon which judgment of condemnation had been rendered on January 12, 1889, as heretofore stated.

Section 7 of the Annexation act provides: "All suits pending in any court on behalf of or against any village, city or incorporated town, the whole of which is, under the provisions of this act, annexed to another city, village or incorporated town, may be prosecuted or defended in the name of the city, village or incorporated town so annexed; and all judgments, fines, decrees or recoveries obtained for or on behalf of any village, city or incorporated town so annexed to another, may be collected and enforced with like force and effect as though such annexation had not taken place, in the name of the city, village or incorporated town so annexed."

Upon the annexation of the town of Lake to the city of Chicago the jurisdiction of the city extended over the territory which had been within the corporate limits of the latter, (see sec. 1 of the act,) and thereupon the town of Lake ceased to exist as a municipal corporation capable of exercising corporate powers and functions. Prior to annexation the town of Lake was the trustee and agent for the public in the matter of the establishment and maintenance of public streets and high-

ways within said territory, and thereafter the city of Chicago became and was such trustee and agent. By the terms of the statute above quoted, the judgment that was obtained on January 12, 1889, for and on behalf of the town of Lake, authorizing it to take possession of the strip of land under consideration upon payment of the ascertained compensation of $900, could, notwithstanding the annexation that had been accomplished, "be enforced with like force and effect as though such annexation had not taken place." While the statute provides that such enforcement is to be "in the name of the  *  *  *  incorporated town so annexed," yet since, from and after the annexation, the town ceased to have corporate officers and agents of its own, and ceased to exist as an actual and organized town endowed with capacity to act in the premises, it is manifest that enforcement of the judgment of condemnation, by paying the ascertained just compensation and taking possession of the strip of land condemned and opening a public street over the same, could be accomplished at the election and by the act of the city of Chicago, and not otherwise. The statutory provision last mentioned, in effect authorizes the municipal corporation to which an annexation is made, to enforce any judgment obtained for or on behalf of the city, village or town which is subsequently annexed to it, and to use the name of the corporation annexed in so doing. We think there can be no doubt but that the city of Chicago succeeded to the right that had accrued to the town of Lake by the rendition of the judgment, and that it might, at its election, have taken possession of the property condemned, after paying the just compensation awarded to appellant in the proceeding instituted by said town of Lake. The rights of the parties are correlative, and have a reciprocal relation. (*City of Chicago* v. *Barbian,* 80 Ill. 482.) The city having the right to avail of the judgment that had been obtained by the town, it follows that all the obligations and burdens that the judgment imposed upon the town were, upon annexation, shifted to the shoulders

of the city. In other words, the city stands in the.shoes of the town, and the act of the town in obtaining the judgment of condemnation is to be regarded as the act of the city.

The town of Lake adopted the provisions of article 9 of the general Incorporation act for cities and villages, and the proceedings which culminated in the judgment of January 12, 1889, were under such provisions. (*Martin* v. *The People ex rel.* 87 Ill. 524.) Section 14 of the article provides : "Any final judgment or judgments, rendered by said court upon any finding or findings of any jury or juries, shall be a lawful and sufficient condemnation of the land or property to be taken, upon the payment of the amount of such finding, as hereinafter provided. It shall be final and conclusive as to the damages caused by such improvement," etc.

A municipal corporation seeking to condemn real estate for public use may, after the assessment of damages and judgment of condemnation, abandon the enterprise in aid of which the condemnation is sought, or abandon the location of the route selected and adopt some other; and unless, within a reasonable time, the damages are paid and possession taken of the property condemned, the condemnation proceedings will be regarded as abandoned. (*City of Chicago* v. *Barbian, supra.*) Here, there was no abandonment of the enterprise, or of the location and route of Sixtieth street. As already stated, the judgment of condemnation was on January 12, 1889, and on January 27, 1890, the city of Chicago passed an ordinance for the opening of the same street, in the same manner, upon the same route and through the same property designated and specified in the ordinances of the town of Lake upon which said judgment of condemnation was predicated.

The principal question at issue seems to be, whether or not, when a municipal corporation is the petitioner in condemnation proceedings, it can ignore an assessment of damages made at its instance and a judgment of condemnation procured by it, and by filing a new petition obtain a re-assess-

ment of damages by another jury. The statutory provision that the final judgment rendered by the court shall be final and conclusive as to the damages caused by the improvement, would seem to determine this matter adversely to the claims of appellee. It is urged, however, that the judgment in condemnation is conditional,—that the property owner has no vested right in the compensation fixed by the judgment, and that the petitioner may abandon the proceedings at any time before the compensation is paid or possession taken. It is sticking in the bark to say that there was here an abandonment of condemnation proceedings. That which the doctrine invoked contemplates is an abandonment in good faith,—an abandonment of the improvement contemplated, or a change of location or route, or an abandonment of the design of taking the particular property involved for public use. To permit a corporation clothed with the right of eminent domain to abandon any judicial ascertainment of value that does not conform to its wishes, and through the instrumentality of new petitions submit anew the question of just compensation to successive juries, until a verdict is returned which it regards as sufficiently low, would be to give an undue advantage to one of the parties to the controversy and to work a rank injustice to the citizen and property owners. Even without regard to the statute, that the first assessment shall be final and conclusive as to the amount of the damages, both reason and authority would lead to the conclusion that such must be the law. *Hupert* v. *Anderson*, 35 Iowa, 578; *City of St. Joseph* v. *Hamilton*, 43 Mo. 282; *Rogers* v. *City of St. Charles*, 3 Mo. App. 41.

We think, however, that the Superior Court properly sustained the demurrer to the bill, and dissolved the temporary injunction and dismissed the suit. The appellant had an adequate remedy at law, and the case stated in the bill did not call for the interposition of a court of equity, or show grounds that would give a court of chancery jurisdiction. In

the matter of the petition exhibited by the city in the circuit court for the condemnation of the strip of land which is part of the right of way of appellant, it was not competent, under the statute, for appellant to either answer or plead to the petition, and the only question that could there be tried by a jury was the question of damages. But the courts of the State which are authorized to entertain petitions for the exercise of the right of eminent domain are clothed with ample power to prevent any abuses of the right. (*Smith* v. *Chicago and Western Indiana Railroad Co.* 105 Ill. 511; *Chicago and Eastern Illinois Railroad Co.* v. *Wiltse*, 116 id. 449.) In said attempted condemnation proceeding in the circuit court the right to a second condemnation of the strip of ground for the purposes of a public street could readily have been contested by a preliminary motion and submitted to the decision of the court. No reason is perceived why such motion could not have been entered, and supported by affidavits and certified copies of the judgment of condemnation rendered in the Superior Court, and of the ordinances of the town of Lake upon which such judgment was based. In *South Chicago Railroad Co.* v. *Dix,* 109 Ill. 237, a motion to dismiss the petition was entered and affidavits in support of such motion filed, and also counter-affidavits, and the practice there adopted was approved by this court. See, also, *Chicago and Northwestern Railway Co.* v. *Chicago and Evanston Railroad Co.* 112 Ill. 589; *Chicago and Eastern Illinois Railroad Co.* v. *Wiltse, supra; Ward* v. *Minnesota and Northwestern Railroad Co.* 119 id. 287; *Illinois Central Railroad Co.* v. *Chicago, Burlington and Northern Railroad Co.* 122 id. 473; *Lake Shore and Michigan Southern Railway Co.* v. *Chicago and Western Indiana Railroad Co.* 96 id. 125; *Peoria, Pekin and Jacksonville Railroad Co.* v. *Peoria and Springfield Railroad Co.* 66 id. 174; *Illinois Central Railroad Co.* v. *City of Chicago,* 138 id. 453.

The decree is affirmed.

*Decree affirmed.*