The Chicago, Rock Island and Pacific Railway Company

*v.*

The City of Chicago.

*Filed at Ottawa January 16, 1894.*

1. Eminent Domain—*judgment of condemnation a bar to second application.* After judgment of condemnation, on the petition of a town for a right of way for a street, fixing the compensation to be paid therefor, the town became annexed to the city of Chicago, which city, without the knowledge or consent of the defendant, dismissed the proceeding and filed a new petition to condemn the same ground for the same identical purpose: *Held,* that the assessment of damages made in the proceeding brought by the town was conclusive upon

the city as well as upon the town, and that it was a bar to the petition filed by the city.

2. Same—*dismissing petition after judgment—enjoining second suit.* Where a city, after judgment of condemnation of land for a street, dismisses the petition, and seeks by a new proceeding to condemn the very same land, so as to avoid payment of the sum awarded, the remedy of the land owner is not by a bill in equity to enjoin the second proceeding, as the law furnishes a complete and adequate remedy by motion to dismiss the same.

3. In such case, the city may have the order of dismissal set aside, and pay the compensation awarded in the former proceeding, and take possession of the land condemned and open the street over the same. The land owner, by having the second proceeding dismissed, will be estopped from objecting to the setting aside of the order dismissing the first proceeding.

Appeal from the Circuit Court of Cook county; the Hon. Frank Baker, Judge, presiding.

Mr. Robert Mather, and Mr. H. S. Waldron, for the appellant.

Mr. Adolph Kraus, and Mr. Clarence S. Darrow, for the appellee.

Mr. Justice Magruder delivered the opinion of the Court:

This is a condemnation proceeding, instituted by appellee by the filing of a petition in the Circuit Court of Cook County on July 18, 1890, in pursuance of an ordinance, providing for the opening of 60th Street from State Street to Wentworth Avenue across the right of way of the appellant company, which ordinance was passed on January 27, 1890. On January 20, 1891, and again on December 8, 1892, the company made motions to dismiss the proceeding for the reasons hereinafter stated, but said motions were overruled, a jury was empaneled who returned a verdict finding the amount of just compensation to be paid, and, after the overruling of a motion in arrest of judgment, judgment was rendered upon said verdict. The present appeal is prosecuted from said

· judgment, and the main error assigned is the overruling of said motions to dismiss.

The reasons, upon which the motions were based, are substantially as follows: The portion of the right of way across which it was proposed to open 60th street, lies in the former town of Lake, which was annexed to the city of Chicago under the annexation law of 1889. By original ordinance passed on August 5, 1885, and an amended ordinance passed on October 27, 1886, by said town of Lake, provision was made for opening said 60th street from State Street to Wentworth Avenue upon the same route and over the same portion of said right of way which is described in said ordinance of the City of Chicago passed on January 27, 1890. In pursuance of said ordinances of said town of Lake, said Town filed an amended petition on November 5, 1886, in the Superior Court of Cook County to ascertain the just compensation to be paid for opening said street across the same portion of appellant's right of way which is sought to be taken, or damaged, by said petition of said city filed in the Circuit Court on July 18, 1890.

In said proceeding instituted by the town of Lake, a jury was waived, and the cause was submitted by agreement to the court for trial, who found the amount of just compensation to be paid, and judgment was rendered upon said finding by said Superior Court on January 12, 1889, adjudging that the amount so found was a just compensation, and that the owner should accept it, and that, upon its payment into court by said Town of Lake for the use of the owner, or upon proof of its payment to the owner, the Town should have a right to take possession, etc. No appeal was taken from this judgment by the Town, nor any writ of error prosecuted to review it, but on July 15, 1890, after said Town had been annexed to the City of Chicago, an order was entered, in said suit so instituted by the Town of Lake, dismissing it.

The written reasons, filed by the company in support of the motions to dismiss the present proceeding, charge that said

31—148 Ill.

dismissal of said proceeding instituted by the Town of Lake was without the consent of the company and without notice to it, and that "said Superior Court had no jurisdiction to dismiss said cause after judgment rendered therein, and the said alleged order of dismissal is utterly void and of no effect." The motion to dismiss the present proceeding instituted by the city of Chicago is based upon the ground, as alleged in said reasons, that the judgment recovered by the Town of Lake was final and conclusive against the Town of Lake and the city of Chicago, as to the damages to the company caused by the proposed opening of said street, and that said City is barred and estopped thereby from prosecuting the present proceeding.

After the filing on January 20, 1891, of the first motion to dismiss, the appellant filed a bill in chancery for an injunction against the prosecution of this proceeding for the same reasons set forth in said motions. Said motion was overruled while said bill was pending. A demurrer to said bill was sustained, and it was dismissed for want of equity. Upon appeal to this court said decree of dismissal was affirmed, as will appear by reference to the case of *C., R. I. & P. Ry. Co.* v. *City of Chicago,* 143 Ill. 641. After the filing of the opinion in the last named case, the motion to dismiss was renewed on December 8, 1892, as above stated.

From the reasoning of the decision in *C., R. I. & P. Ry. Co.* v. *City of Chicago, supra,* it would appear that the motion to dismiss should have been allowed. The material point in that case was as to the power of a court of chancery to enjoin a condemnation proceeding, and it was there held, that a bill for injunction would not lie in such case because there was an adequate remedy at law. Such remedy was there stated to be a motion to dismiss in the condemnation proceeding itself; and the company has pursued the course there held to be proper by making such a motion to dismiss in this proceeding. It is not necessary to repeat here the reasoning of

that case. As the facts in the bill, which was there before the court, are precisely the same as the facts set up in these motions to dismiss, the comments there made upon those facts are applicable here. It was decided in that case, that the city of Chicago could not ignore the assessment of damages made in the proceeding instituted by the Town of Lake, and that the judgment entered in that proceeding must be regarded, under the circumstances, as final and conclusive as to the amount of damages. This conclusion could not have been reached, except upon the theory that the order of dismissal entered in the condemnation proceeding begun by the Town of Lake was invalid. That order cannot, therefore, stand in the way of the City of Chicago, if it desires to take possession by paying the judgment in said former proceeding. Indeed, the company would be estopped from opposing the setting aside of said order of dismissal by its written motion in this case, based upon the charge that said order was void and of no effect. Hence, there is no reason why the City, acting upon the views expressed in *C., R. I. & P. Ry. Co.* v. *City of Chicago, supra,* cannot go into court and have said order of dismissal set aside, and pay the amount awarded as compensation in the former proceeding and take possession of the property condemned, or, in other words, open the street across said right of way.

For the error committed in overruling said motions to dismiss, the judgment of the Circuit Court is reversed, and the cause is remanded to that court with directions to proceed in accordance with the views herein expressed.

*Judgment reversed.*