## The Illinois Central Railroad Company

*v.*

## The City of Champaign.

*Filed at Springfield November 10, 1896.*

EMINENT DOMAIN—*second petition to condemn for same improvement —pretended abandonment.* A city which prosecutes condemnation proceedings for the extension of a street across a railroad right of way to judgment fixing the amount of compensation, cannot maintain a subsequent proceeding for the same extension under the pretense of abandoning the former proceeding.

APPEAL from the Circuit Court of Champaign county; the Hon. FERDINAND BOOKWALTER, Judge, presiding.

J. S. WOLFE, and C. V. GWIN, (JAMES FENTRESS, of counsel,) for appellant.

E. L. SWEET, City Attorney, and J. L. RAY, for appellee.

Mr. CHIEF JUSTICE MAGRUDER delivered the opinion of the court:

This is a petition by appellee, reciting the passage of an ordinance for the extension of Main street in the city of Champaign from Main street on the west side of appellant's right of way across said right of way to Main street on the east side of said right of way, and praying that the just compensation to be paid for the right to use so much of appellant's right of way, as is necessary to extend said street across it, be ascertained by a jury.

Appellant made a motion to dismiss the proceeding for several reasons, including the reason hereinafter mentioned. This motion was overruled, and exception was taken to the order overruling it. A trial was then had before a jury, resulting in verdict and judgment fixing the just compensation to be paid to appellant for its land taken and damaged, and to one Spaulding for tak-

ing or damaging his premises. The present appeal is prosecuted from the judgment so rendered.

One of the reasons, urged by the appellant in the court below in favor of its motion to dismiss, was, that, some time theretofore, the city council of Champaign had passed another ordinance for the same improvement, that is to say, for opening and extending Main street on the west side of appellant's railroad easterly to Main street on the east side of said railroad, across that portion of appellant's right of way lying between West and East Main streets in said city, and had filed its petition in the county court of Champaign county for the ascertainment of just compensation to be paid for such use of said right of way for the purpose of a street; and "that thereafter a jury of twelve men were impaneled to try said cause in said court; the jury visited the premises, afterwards sat in court, heard the evidence as to the matter in issue, to-wit, the just compensation to be paid to said company by said city for the extension of Main street; the court instructed the jury, and the jury, after deliberation, returned into said court their verdict in following form and manner: 'We, the jury, find that the Illinois Central Railroad Company is entitled to four thousand ($4000) dollars as compensation for land taken, and to six thousand ($6000) dollars as compensation for damages in consequence of such taking, and that the sum of ten thousand ($10,000) dollars is just compensation for both.' Upon which verdict, after overruling a motion for new trial, the court entered its judgment, as follows: 'It is therefore considered and adjudged by the court that the said petitioner enter upon the property in controversy herein, and have possession of the same, upon the payment by the said petitioner to said Illinois Central Railroad Company of the said sum of $10,000, and that the said petitioner pay the costs of this proceeding.' Which judgment remains of record unreversed, not appealed from, nor in aught changed or abated in any manner, in

whole or in part, by any court. And defendant, in further aid of its motion, says that at the time said cause was so tried and determined all parties in interest were properly in court, and were heard in their respective interests before said court and jury at the time of said trial and determination. And further says that the premises then and now in controversy are one and identically the same, and that the street extension prayed for in said petition and ordinance provided for are the same street extension claimed and prayed for in this proceeding and no other, and there has been a former adjudication of the same rights and powers now sought to be again determined between the same parties, namely, the said city of Champaign and the said Illinois Central Railroad Company, wherefore the defendant insists that the said city shall not re-litigate the matters aforesaid in this or any other court; that the said finding and judgment, so unreversed and not appealed from, are final and conclusive as to the damage caused by said improvement, and so declared to be of such force and effect by the fourteenth section of article 9 of the general laws for the incorporation of cities, towns and villages of this State; that the said plaintiff had, prior to the proceedings aforesaid, adopted said article 9 of said act of the General Assembly mentioned, and said proceeding was had under the provisions of the said act, and all the right and power therein and thereby conferred upon said plaintiff, wherefore, and for the matters above set forth, this defendant prays that said cause be dismissed and discontinued as to the said matters herein and now involved."

It thus appears, that, before the present condemnation proceeding was begun, the appellee had instituted and prosecuted to a judgment, fixing the amount of compensation, another condemnation proceeding for the extension of the same street across appellant's right of way at the same point. The question thus presented is the same question, which arose in *Chicago, Rock Island and*

*Pacific Railway Co.* v. *City of Chicago*, 143 Ill. 641, and *Same* v. *Same*, 148 Ill. 479, and must be disposed of in the same way in which it was disposed of in those cases. In the first one of the two cases last cited we said (p. 647): "It is sticking in the bark to say that there was here an abandonment of condemnation proceedings. That which the doctrine invoked contemplates, is abandonment in good faith,—an abandonment of the improvement contemplated, or a change of location or route, or an abandonment of the design of taking the particular property involved for public use. To permit a corporation clothed with the right of eminent domain to abandon any judicial ascertainment of value that does not conform to its wishes, and through the instrumentality of new petitions submit anew the question of just compensation to successive juries until a verdict is returned which it regards as sufficiently low, would be to give an undue advantage to one of the parties to the controversy, and to work a rank injustice to the citizen and property owners. Even without regard to the statute, that the first assessment shall be final and conclusive as to the amount of the damages, both reason and authority would lead to the conclusion that such must be the law."

The language thus quoted is precisely applicable to the case at bar. The fact, that appellee has filed the present petition, shows that it has not abandoned the enterprise in aid of which the condemnation is sought. The fact, that appellant sets up the former judgment awarding compensation as a defense to the present proceeding is a concession of the validity of that judgment. A prior adjudication may be set up by plea, or in the course of the evidence. (2 Black on Judgments, sec. 783). Here, all the proceedings in the former condemnation suit were introduced in evidence by appellant in support of the motion to dismiss. The former judgment awarding compensation, in order to operate as a bar to the present action, for which purpose it was introduced, is

necessarily admitted to be a valid and subsisting adjudication.   (2 Black on Judgments, secs. 513, 632).   There is, therefore, no reason why appellee cannot pay the former award, as directed by the county court in its said judgment, and enter upon and have possession of the property condemned.   Appellant would be estopped from then insisting that the judgment was invalid after relying upon its validity here.   (2 Herman on Estoppel and Res Adjudicata, sec. 449).

For the error in refusing to dismiss the petition in the present case for the reason above stated, the judgment of the circuit court is reversed, and the cause is remanded to that court for further proceedings in accordance with the views here expressed.        *Reversed and remanded.*