J. IRVING PEARCE *et al.*

*v.*

THE CITY OF CHICAGO.

*Opinion filed November 8, 1897.*

1. EMINENT DOMAIN—*judgment vacated on motion of owner not a bar to subsequent condemnation.* A condemnation judgment in favor of a city, vacated under section 53 of article 9 of the City and Village act, as amended in 1891, (Laws of 1891, p. 81,) on motion of the owner of the property upon the city failing to pay the judgment within two years after its entry, does not bar a subsequent condemnation under a new ordinance.

2. SAME—*original judgment remaining in force bars subsequent proceedings.* An original condemnation, which remains in force though unsatisfied, is a bar to a subsequent proceeding under a different ordinance to condemn the same property.

APPEAL from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

MANN, HAYES & MILLER, for appellants.

JOHN A. MAY, and CHARLES S. THORNTON, Corporation Counsel, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellee filed its petition in the Superior Court of Cook county, under article 9 of the act for the incorporation of cities and villages, for the condemnation of certain tracts of land belonging to the appellants, respectively,

over which tracts the city was proceeding to open and widen Seventieth street. The appellants moved to dismiss the petition and proceedings on the ground that the same lands had been previously condemned in a former proceeding by the city had for the same purpose, and that the judgment therein had not been paid. In support of this motion affidavits were filed and the record showing the former proceedings and judgments was given in evidence. The showing was, that under a previous ordinance for the same improvement the city had instituted proceedings to condemn the same tracts of land wherein judgments had been rendered on January 18, 1892, fixing the just compensation for the taking of Pearce's land at a total of $20,000 and of Jackson's at $8000. In defense to this motion the city gave in evidence the record of further proceedings in said former cause, had at a term subsequent to that at which the judgments had been rendered,—that is, in June, 1895,—which showed that Pearce had appeared in the same court and cause, and on his motion the court entered an order that the city pay the judgment previously rendered for the taking of his land, with legal interest from the date of such order, within ten days, and in default of such payment that all the proceedings in said cause should be dismissed; and that on July 2, 1892, another order was entered in said cause finding that such payment had not been made, that the city was in default, and dismissing the proceedings as to the lands of Pearce. Upon this showing the court overruled appellants' motion to dismiss the proceedings in the case at bar, and upon a trial before the court and a jury verdict and judgment were rendered fixing the compensation for the taking of Pearce's lands at a total of $16,750 and of Jackson's at $8375.

The only contention made on this appeal by appellants is, that the trial court erred in not holding the judgment in the former condemnation suit a bar to the second proceeding, and in not dismissing the second proceeding for

that reason. It is not denied by appellee that if the first judgment remains in full force the second cannot stand, that question having been settled by this court in *Illinois Central Railroad Co.* v. *City of Champaign*, 163 Ill. 524, and other cases; but the contention of appellee is, that the proceedings in the former suit were dismissed and the judgment vacated on motion of Pearce, the owner of the land, and they could not thereafter operate as a bar to a subsequent proceeding under a new ordinance to condemn the same land for the same proposed improvement.

Section 53 of article 9 was amended in 1891 by adding the following proviso: *"Provided, however*, in all proceedings heretofore commenced, where the property has not been fully paid for, or that shall hereafter be commenced, said city or village shall take and pay for the lands sought to be taken or damaged within two years of the entry of judgment in such condemnation proceedings; and after the expiration of such time the court in which the proceedings may have been had, upon a motion of any person interested in the lands, may inquire in a summary manner whether the lands in which such person is interested have been taken or damaged and paid for, and if the court finds that such lands have not been taken or damaged and not been paid for, it shall enter an order requiring the city or village to pay for such lands within a short day to be fixed by the court, and in default thereof shall dismiss such proceedings as far as they relate to lands of such person. If, however, the court finds that such city or village has taken possession of the land and has not paid therefor, it shall enter an order requiring such city or village to pay the amount of the condemnation judgment, with interest from the time of such taking, within a short day to be fixed by the court, and in default thereof to dismiss the proceedings and enter a several judgment in favor of such land owners for interest from the day of such taking, and direct the issue of a writ of possession in favor of the several owners, or their legal

representatives or grantees, respectively, and such dismissal as aforesaid shall operate as a bar to further proceedings under such ordinance against the land affected by such dismissal, and every such cause shall be considered as pending in the court in which the same has been or shall be commenced, until all the lands sought to be taken are paid for, or until the proceedings are dismissed where the lands have not been taken." (Sess. Laws of 1891, p. 80.)

It will be observed that under the statute the cause was, in legal contemplation, still pending in the court wherein the judgments were rendered in 1892, until it was dismissed as to Pearce's lands, in 1895, for failure on the part of the city to comply with the order of the court to pay the judgment. The statute so provides. The effect of the dismissal of the proceedings was to vacate the judgment. This was done on motion of the land owner, and he cannot now be heard to complain of it. The city could not, on its motion, have had the proceedings dismissed and thus have gotten rid of the judgment, but the statute gives the remedy to the owner of the land, if he chooses to avail himself of it. He did avail himself of it in this case, and he is in no position now to insist that the judgment, which was in effect vacated on his motion, should be held a bar to a judgment in this case fixing the just compensation to be paid for the same land to be taken for the same improvement provided for by a new ordinance. The record is, however, different as to the land of Jackson. The motion to dismiss the first proceedings for non-payment of the judgment was made by Pearce alone, and the record does not show that the judgment as to the land of Jackson was included in the order of the court on the city to pay or in the order of dismissal for default in payment, but that that judgment remains in full force and effect. The said former proceedings were dismissed as to the lands of Pearce only, and it follows that the court, in the case at bar, should have sus-

tained Jackson's motion and held the former judgment as to his land a bar to any further or different judgment in this case. The judgment is several as to each tract. As the original judgment as to the lands of Jackson remains in full force, neither party is entitled to, nor is there any necessity for, a new adjudication as to such lands.

The judgment of the Superior Court is affirmed as to the lands described in the petition as belonging to appellant Pearce, and reversed as to the lands described as belonging to or held by appellant Jackson, as the receiver of the bank mentioned in the petition.

*Judgment affirmed in part.*