The City of Evanston, Appellee, *vs.* Wesley L. Knox *et al.* Appellants.

*Opinion filed October 26, 1909.*

1. Special assessments—*prior to passage of Local Improvement act of 1907 condemnation judgment was conditional.* Prior to the passage of the Local Improvement act of 1907 the exercise of the right of eminent domain, under article 9 of the Cities and Villages act, to acquire land for a public improvement and pay for the same by special assessment was practically the same, in the matter of the petitioner's right to discontinue the proceeding, as under the Eminent Domain act, and the judgment was conditional upon the petitioner's acceptance of the land.

2. Same—*section 32 of the Local Improvement act construed.* Under section 32 of the Local Improvement act a judgment in a proceeding by a city to condemn land for a public improvement and pay for the same by special assessment is conditional up to the time when the petitioner, after final judgment as to all the defendants, is required to elect to enter the judgment.

3. Same—*right of a city to dismiss condemnation proceeding after judgment.* Where, in a proceeding by a city to condemn land under Local Improvement act, judgment is rendered against

all the defendants but one and the assessment roll is ordered to be re-cast, but no judgment is ever entered on such re-cast roll although the assessment is increased, new parties are brought in and new objections filed, the city has power to dismiss the proceeding without the consent of the parties whose land is sought to be condemned.

APPEAL from the County Court of Cook county; the Hon. W. L. POND, Judge, presiding.

WELLS & BLAKELEY, and HARRY H. TALCOTT, for appellants:

The city of Evanston having elected to enter judgment on the verdict cannot delay nearly three years and then abandon the improvement. Laws of 1897, p. 112.

Where it appears that the public are not interested beneficially in the improvement, the petitioner has no right to abandon the improvement against the wishes of the parties interested who stand ready to proceed. *Ferris* v. *Ward,* 4 Gilm. 499; *People* v. *Highway Comrs.* 88 Ill. 141; *Sangamon* v. *Brown,* 13 id. 207; Hurd's Stat. 1908, chap. 34, par. 49.

The court has no power, after the expiration of the term, to vacate, on motion of petitioner, a judgment of condemnation or a judgment of confirmation and dismiss the proceedings and annul the binding effect of such judgment. *Railway Co.* v. *Chicago,* 148 Ill. 479; *People* v. *Noonan,* 238 id. 303.

JOSEPH L. McNAB, for appellee:

The judgment entered April 6, 1906, was not a final judgment "as to all defendants, both as to the amount of damages and compensation to be awarded and benefits to be assessed." Objections to the original roll on behalf of one defendant remained undisposed of. The re-cast roll largely increased the assessment for benefits upon the property described in the original assessment roll and no hear-

ing has been had upon it. The re-cast roll brought in additional parties defendant by assessing benefits against property not assessed in the original roll. Objections on behalf of a number of these property owners were filed to the re-cast roll and remained undetermined. No action was taken on the re-cast roll. Such being the case, the city had the right to dismiss the proceedings. Local Improvement act of 1897, pars. 26, 32; *Shurtleff* v. *Chicago,* 190 Ill. 473.

Mr. JUSTICE CARTER delivered the opinion of the court:

August 1, 1905, an ordinance was passed by the city of Evanston providing that the Lake Shore boulevard be opened and extended from Lee street to Main street, in said city, by condemning therefor certain lands. August 7, 1905, a petition was filed in the county court of Cook county by said city praying that steps be taken to ascertain the just compensation for the property to be taken or damaged and also as to what property would be benefited. Commissioners appointed for that purpose reported that the value of the property sought to be taken was $10,800 and estimated that the cost of the proceedings would amount to $500; that the title of the lands to be taken was held by Wesley L. Knox, Myron E. Cole, John W. Judkins and Edmund A. Cole. All of these persons filed objections to the assessment roll, as did others whose land was assessed for benefits. On April 6, 1906, a hearing was had in the county court as to all the objectors except Nellie G. Hollett, and a verdict rendered by the jury that the value of the property sought to be taken was $15,000, and that the property owners, except Wesley L. Knox, were benefited to the extent of the assessment. Thereupon the court entered judgment of condemnation, and confirmed on said verdict the said assessment against all the objectors save said Nellie G. Hollett. The court, in the order of judgment, found that there was a large deficiency in the assessment,

and upon motion of the petitioner ordered that the assessment roll be re-cast except as to the properties represented by the appellants herein. June 20, 1906, the re-cast roll was filed. In this it was stated that the value of the land sought to be taken was $15,000 and the estimated cost of the improvement $500. The entire roll, as re-cast, increased the assessment upon a large part of the property assessed in the original roll and not taken, and also assessed benefits on property not assessed in the original assessment roll. This re-cast roll was approximately $4200 more than the original roll. Many property owners assessed for benefits filed objections in August, 1906, to the re-cast roll. No judgment has ever been entered on the re-cast roll, and, so far as this record shows, no further steps were taken by any of the parties to this proceeding until July 9, 1908, when, through their attorneys, on notice, appellants entered a motion for a rule upon petitioner to pay for the land sought to be taken within a short day to be fixed by the court, the motion being based upon section 53 of article 9 of the Cities and Villages act. (1 Starr & Cur. Stat. p. 778.) This motion does not appear to have been called up in court by counsel until January 7, 1909, when, after a hearing, the court denied the motion on the ground that said section 53 had been repealed, by implication, by the Local Improvement act of 1897. Counsel for appellants do not now question the correctness of the court's ruling on that motion. At the time this motion was denied the petitioner offered, through its counsel, to dismiss the said proceedings, and presented to the court the draft of an order to that effect. Appellants objected to the entry of that order, and thereupon moved for the entry of an order upon petitioner to pay for the lands described in the condemnation judgment, and this motion, with that of the city to dismiss, was taken under advisement by the court. March 6, 1909, the court denied the motion of the property owners. On March 15 Frank R. Sedgwick, one of the appellants,

who was one of the objectors against whom verdict was rendered in the original assessment proceedings but whose assessment was not increased by the re-cast roll, filed a petition setting forth the failure of the city of Evanston to proceed with the assessment, and praying that the cause be set down for hearing within a short day to be fixed by the court for the settlement of the issues remaining undisposed of. Pursuant to this petition the court set said cause for final hearing March 24, 1909. On that day the court, after a hearing, entered an order, on the motion of the city of Evanston, setting aside and vacating the judgment of condemnation and confirmation entered April 6, 1906, vacating all orders entered in the cause and dismissing the case. After the entry of this last order Frank R. Sedgwick offered to proceed in said cause and make proofs upon the issues remaining undisposed of therein. This motion was denied. From the order dismissing the proceedings Wesley L. Knox, John W. Judkins, Edmund A. Cole and Frank R. Sedgwick prayed an appeal to this court, which was allowed, and Frank R. Sedgwick also prayed an appeal from the order refusing to grant his motion to proceed to try the issues undisposed of, remaining in the cause. Appeals from these two orders were taken jointly, apparently by agreement of all parties.

If the court ruled correctly in permitting the proceedings to be dismissed on motion of the petitioner, then it necessarily follows that the ruling was proper denying the motion of Sedgwick to dispose of the issues in the cause, as under such conditions there were no undisposed-of issues. The decision of this question renders necessary a consideration of various sections of the Local Improvement act with reference to the taking of private property, and especially that part of section 32 of that act, (Hurd's Stat. 1908, p. 429,) which reads: "Upon the return of a verdict in a proceeding to acquire property for a public improvement, if no motion for a new trial be made, or if made,

then if overruled, the petitioner shall within ninety days after final judgment as to all defendants, both as to the amount of damages and compensation to be awarded and benefits to be assessed, elect whether it will dismiss said proceeding or enter judgment on said verdict. If it shall elect to enter such judgment, it shall become thereby bound and liable to pay the amount thereof, whether such assessment be collected or not, and such judgment or condemnation shall not be conditional. Petitioner shall not thereafter be permitted to withdraw from such proceeding, or to dismiss the same, without the consent of all parties whose land is thereby condemned, except as hereinafter provided," etc.

Appellants insist that the judgment against their property taken April 6, 1906, is the final judgment as to them which is referred to in the first part of said section 32, and that the petitioner, not having acted in ninety days after the entering of such judgment, is thereby bound and liable to pay the amount of such judgment. They concede that under the law in force before the Local Improvement act was enacted the condemnation judgment was conditional, but they also insist, under the authority of *Chicago, Rock Island and Pacific Railway Co.* v. *City of Chicago,* 148 Ill. 479, that, according to both the former and present statutes, after judgment of condemnation was entered the proceeding could not be abandoned by the city. Counsel misapprehend that decision. When the Cities and Villages act was passed, in 1872, said section 53 of article 9, heretofore referred to, did not in any way refer to the time when possession should be taken, and construing that section in connection with sections 14 and 15 of the same article, this court considered at length the rights of the petitioner and the property owners in *City of Chicago* v. *Barbian,* 80 Ill. 482. That was a *mandamus* proceeding to compel the city to levy and collect a tax for the payment of a sum ascertained and reported by a jury as the amount of compensation

241—30

allowed for. condemnation after the city had discontinued all proceedings with reference thereto. It was there held that the condemnation verdict of the jury was conditional, and this court stated (p. 485) : "The compensation to be made is for 'property taken or damaged,' and no property shall be taken or damaged until compensation shall be made. The rights of the parties are correlative and have a reciprocal relation, the existence of the one depending on the existence of the other. When the party seeking condemnation acquires a vested right in the property the owner has a vested right in the compensation; but since no vested right can be acquired in the property, without the owner's consent, until compensation shall be paid, it must follow there can be no vested right in the compensation until after the amount is paid. * * * In answer to the suggestion of evil that might result from having such a judgment suspended indefinitely over property, it is sufficient to say no such result need follow. Unless the condition should be · complied with within a reasonable time by the payment of the damages and the taking possession of the property condemned the proceedings would be regarded as abandoned, and a court of equity, if need be, would stay any attempt to proceed under them." It was also held in that case that proceedings for the exercise of the right of eminent domain under this statute were substantially the same on the point here in question as they were under the Eminent Domain statute. (Hurd's Stat. 1908, p. 1026.) Numerous decisions have been rendered since as to one or both of these statutes, which fully uphold the findings of the court in the case just cited. Among others are the following: *Kerfoot* v. *Breckenridge,* 87 Ill. 205; *South Park Comrs.* v. *Dunlevy,* 91 id. 49; *Schreiber* v. *Chicago and Evanston Railroad Co.* 115 id. 340; *City of Chicago* v. *Hayward,* 176 id. 130; *Chicago, St. Louis and Western Railroad Co.* v. *Gates,* 120 id. 86; *Commissioners of Highways* v. *Jackson,* 165 id. 17; *Chandler* v. *Morey,* 195 id. 596.

To obviate the evils urged as resulting under the workings of the former statute, said section 53 of article 9 was amended in 1891, providing that the city or village must take possession of the land condemned within two years from the entry of judgment, otherwise the property owner could, on motion, after the expiration of the two years, have the proceedings dismissed as to his property, (*Harris* v. *City of Chicago,* 162 Ill. 288,) but the city could not dismiss after two years without the consent of the property owners. (*Pearce* v. *City of Chicago,* 169 Ill. 631.) By the Local Improvement act of 1897 it was attempted, through specific provisions, to cover fully this subject so as to protect the interests of both petitioner and property owners, and at the same session of the legislature section 10 of the Eminent Domain act was also amended so as to give the property owners some remedy if their property was not taken after condemnation. See *Chicago and Western Illinois Railroad Co.* v. *Guthrie,* 192 Ill. 579.

Are the judgments of condemnation under the Local Improvement act conditional at any time after they are entered? It will be noted in section 32 that it is stated that if the petitioner shall elect, "within ninety days after final judgment as to all defendants, both as to the amount of damages and compensation to be awarded and benefits to be assessed," to enter such judgment, "such judgment or condemnation shall not be conditional." Up to the time of such election evidently the law intended that the judgment should be conditional. The wording of the various sections of the Local Improvement act controlling the condemnation of private property by municipalities and the payment therefor by special assessment indicates that it was the intention of the legislature to provide that the judgment should not be considered final, so that it could not be abandoned by the municipalities until judgments had been obtained as to all the defendants, including those owning property and those who were assessed as to benefits, with

certain exceptions which do not bear on the present question. Some light is thrown on the meaning to be given to the phrase "final judgment," in the first part of said section 32, by the last sentence in section 26 of said Local Improvement act, which reads: "But no final judgment shall be entered as to any of the property embraced in said roll until all the issues in the case have been disposed of, including revised or re-cast rolls, if any." There could be no final judgment as to all the defendants in these proceedings, as intended by said section 32, until the judgment had been entered upon the re-cast roll. The decision of this court in *Shurtleff* v. *City of Chicago,* 190 Ill. 473, supports this conclusion. There never having been any final judgment as to all the parties, either in the original proceedings or under the re-cast roll, as provided in said section 32, the petitioner, under that section, had the right to dismiss the same without the consent of the parties whose land was sought to be condemned.

This court, in *People* v. *Noonan,* 238 Ill. 303, and the other cases cited therein, construed sections of the Local Improvement act which referred to judgments for confirmation in special assessments where no private property had been taken or damaged for said local improvement. Those decisions are not in point, as contended by counsel, as to the construction of the sections of the statute here under discussion.

The legislature having provided under what circumstances the city can dismiss condemnation proceedings, this court must be governed by such legislative enactment. If the provisions of that enactment do not properly protect the property owners, that is a question for the legislature and not for the courts. Whether the property owners can recover by a proper action, under the rules laid down by this court in *Winkelman* v. *City of Chicago,* 213 Ill. 360, we do not decide, as that question is not before us.

The judgment of the county court will be affirmed.

*Judgment affirmed.*