Day, J.
l. Railroad: right3®?1way-, appeal. The record presents hut a single question, to wit: Does an. appeal by a railroad company, from the assessment, by sheriff’s jury, of damages for right of way, suspend, until the cause is heard upon appeal, the payment to the landowner of the amount assessed and deposited with the sheriff? We feel constrained to answer this question in the affirmative. Railroads are works of great public convenience and necessity. Their construction requires much time, and *321 involves the employment of great numbers of workmen. The work can be successfully prosecuted only through the intervention of contractors who undertake the building of specified portions. When once begun, it is of the utmost importance that it be prosecuted without interruption or delay. Hence the law has wisely provided a summary mode in which damages for right of way may be primarily assessed, saving to either party the right to a more deliberate and careful adjudication upon appeal. But, in order that the company may not be subjected to vexatious delays, it provides that, under certain conditions, the appeal shall not suspend the prosecution of the work. The provision of the statute is as follows: “ If said corporation shall, at any time before they enter upon said real estate for the purpose of constructing said road, pay to said sheriff, for the use of said owner, the sum so assessed and returned to him as aforesaid, they shall be thereby authorized to construct and maintain their railroad over and across said premises: provided,, that either party may have the right to appeal from such assessment of damages to the district court of the county where such lands are situated, within thirty days after such assessment is made. But such appeal shall not delay the prosecution of the work upon said railroad, if said corporation shall first pay or deposit with the sheriff the amount so assessed by said freeholders. * * .” Bev., § 1317.
This section, in direct terms, gives to the railroad com.pany the right of appeal, and provides that, while the appeal is pending, the work may progress. But to this end, it is incumbent upon the company to deposit with the sheriff the amount assessed. The appeal would be shorn of half its benefits if the railroad, in order to adopt its provisions, is forced to an election, either to forego the prosecution of the work, or run the risk of recovering from the landowner the diminution of the damages upon appeal. It would be a novel construction, to hold that a *322 party must satisfy a judgment before he can prosecute an appeal from it. The language of the section above referred to furnishes no basis for such a construction. It leads to the opposite conclusion. The former part of the section provides, that the corporation shall be authorized to construct and maintain their railroad over the premises, if they shall, at any time before they enter upon said real estate for the purpose of’constructing the roadway to scdd sheriff, for the use of scdd owner, the sum so assessed. But the portion of the section applicable to appeal provides that such appeal shall not delay the prosecution of the work, if said corporation shall first pap or deposit with the sheriff the amount so assessed. The difference in phraseology is material, and cannot be considered as the result of mere accident.
a. constitupajm¿to7: damages. The views herein expressed are not in conflict with the constitution, which provides that “ Private property shall no* taken for public use without just compensation first being made, or secured to be made, to the owner thereof, as soon as the dam ages shall be assessed by a jury.” Const., art. 1, § 18.
The property is not taken, in an absolute sense, until the amount assessed upon appeal is paid. If the appellate jury, in this case, shall assess less than the sheriff’s jury have assessed, the amount is secured to plaintiff, being in the sheriff’s hands; if they shall assess more, the plaintiff can, by injunction, prevent the absolute appropriation of his property, until the increased sum is paid. Richardson v. Des Moines Valley Railroad Co., 18 Iowa, 260.
In either event, the landowner is fully protected. We are clearly of the opinion that the money paid the sheriff should remain a deposit in his hands, until the damages are finally assessed in the appellate court. The demurrer to the answer of defendant was improperly sustained.
The judgment of the district court is
Reversed.