Hupert v. Anderson *et al.*, Supervisors of Dubuque County.

**Highway**: ESTABLISHMENT OF: CERTIORARI. Where an order establishing a highway upon the payment of a certain sum claimed as damages by a land owner, is made in a proper proceeding, it assumes the character of a binding adjudication, and parties cannot avoid the same by subsequently presenting another petition for the establishment of the same road and obtaining another order therefor from the board of supervisors, conditioned on payment of a smaller sum. In such case the latter proceeding is unauthorized and void, and will be so declared on certiorari.

*Appeal from Dubuque District Court.*

TUESDAY, JANUARY 22.

THIS is a *certiorari* proceeding to review the action of the board of supervisors of Dubuque county in establish-

ing a road.   Upon a trial in the district court the proceed-
ings of the board complained of were affirmed, and judg-
ment rendered accordingly.   The facts fully appear in
the opinion.   Plaintiff appeals.

*Christian Wullweber* for the appellant.

*M. H. Beach* for the appellee.

BECK, Ch. J. — On the 8th day of October, 1869, the
board of supervisors of Dubuque county, upon the petition
of Catharine Scully and others, established a certain road
upon the land of the plaintiff, and awarded him $140
damages.   From this order allowing damages plaintiff
appealed, and, upon a trial in the circuit court, obtained a
judgment in the sum of $300, which was ordered to be
paid by the board of supervisors as a condition to the
establishing of the road, their former order being annulled
by proper action in obedience to the judgment of the
circuit court.   This action of the supervisors was had in
June, 1870.   The damages awarded plaintiff were not
paid.   On the 22d of November, 1870, Catharine Scully,
who had petitioned in the proceedings just mentioned for
the road, presented another petition asking that the same
road be established.   Thereupon the supervisors, disre-
garding their former action and the judgment of the
circuit court, proceeded to establish anew the road and
ordered the payment to plaintiff of the sum of $50 as
damages and the erection of a pass-way for stock.

The last action of the board in establishing a second time
the road in question upon conditions different from those
required by the judgment of the circuit court was brought
before the district court for review in this action and was
sustained and affirmed.

It is very plain that the judgment of the district court
is erroneous.   The first adjudication upon the question of

damages bound the parties to the proceedings and precluded either of them from again litigating the same question in a new and different action. The judgment as to them is final and conclusive until reversed or set aside by proper proceedings. The rights involved in the matter in controversy are finally settled as long as that judgment remains in force. These are familiar principles of law of daily application. The second proceeding to establish the road and assess anew plaintiff's damages can only be entertained by disregarding the first judgment and denying its binding effect upon the parties, for, it will be observed, the parties are the same in both actions. But, as we have seen, this cannot be done. The judgment in the first proceeding must be regarded as final. The road can only be established upon the payment of the damages therein awarded.

The judgment of the district court is

Reversed.