NELSON ET AL. v. GOODYKOONTZ ET AL.

1. **Highway**: ESTABLISHMENT OF: DAMAGES.   The board of supervisors in establishing a highway are required to determine whether it is likely to be of sufficient public utility to justify the county in incurring the expenses of its establishment, and to this end must consider not only the public necessity for it, but also the cost of its construction.

2. ———: THE RULE APPLIED.   Where the board had established a highway, and directed that the expense should be borne by the county, and had allowed the damages of property owners, who appealed from such allowance and obtained a larger award on appeal, *held*, that the board was then authorized to re-consider its action establishing the road, upon the ground that it was not of sufficient public utility to justify the county in paying the damages assessed by the court.

*Appeal from Boone District Court.*

FRIDAY, OCTOBER 19.

The defendants are members of the board of supervisors of Boone county.   At its June session, 1876, on petition and notices, after damages had been claimed and assessed, the following order was made by said board:

" The road petitioned for by A. Nelson and others is hereby established or granted from place of begining to place of termination, by the county paying damages to the following parties, claiming damages, viz." (Here follows a list of the

names of parties claiming damages, and the amounts allowed them respectively by said board.)

The aggregate amount of the damages was $144.

The claimants for damages appealed from the allowance made them. The case of one of said parties was tried at the next term of the Circuit Court. The amount allowed him by the board was $20. The verdict in the Circuit Court was for $60. The other cases were then, by the court and attorneys employed in the cases, estimated in the same proportion. The aggregate of damages thus found was $589. The result of the adjudications in the Circuit Court was certified to the board of supervisors. At the next meeting of the board the former order was re-considered, and an order was made that the road be not established, because the same was not of sufficient public utility to justify the county in paying the amount assessed by the Circuit Court.

Appellees live and own farms on the line of the proposed road. They brought this suit for a mandate to compel the board to pay from the county treasury the damages allowed by the Circuit Court. The answer of appellants sets up the foregoing facts, and avers that the board granted the road upon the condition that the county should pay $144 damages, and not $589.

Plaintiffs demurred to the answer. The demurrer was sustained. Defendants standing upon their answer, judgment was entered, ordering a writ of mandamus to issue. Defendants appeal.

*Hull & Ramsey*, for appellants.

*Ritchey & Green*, for appellees.

ROTHROCK, J.—The board of supervisors may increase or diminish the damages allowed by the appraisers, and may 1. HIGHWAY: make the establishment of a road conditioned upon establishment of: damages. the payment in whole or in part of the damages awarded. Code, § 946.

It is therefore optional with the board whether they will

order the damages to be paid by the county, or by the petitioners.

It is a question for their determination whether the proposed road is of sufficient public utility to require the county to pay the expense of its establishment. To do this intelligently it is not only necessary that they should consider the location of the road, and the public necessity for its establishment, but they should also be advised of the amount of money necessary to be expended.

In this case the order providing that the county should pay the damages was based upon an aggregate assessment of $144. This was the amount ordered to be paid.

When the amount was increased to $589 by the proceedings in the Circuit Court, and certified to the board, it was then a question for the board to determine whether the public at large, the tax-payers of the county, were sufficiently interested in the establishment of the road to require the increased amount to be paid from the county treasury. We find nothing in the statute which, in our opinion, divests the board of this power.

Appellees are not claimants for damages. They are the parties interested in having the road established. The first order made by the board is not such an adjudication as to give them the right to compel the payment of an increase of the damages, above the amount ordered to be paid by the board.

The demurrer to the answer should have been overruled.

REVERSED.