DOWNING v. THE DES MOINES NORTHWESTERN RAILWAY COMPANY.

WINKLEMAN v. THE SAME.

1. **Railroads**: CONDEMNATION OF RIGHT OF WAY: DAMAGES MUST BE PAID BEFORE POSSESSION TAKEN: SUPERSEDEAS BOND NOT ALLOWED ON APPEAL. Where defendant had had a right of way over plaintiff's land condemned, and had deposited the award with the sheriff and taken an appeal to the circuit court, where the amount of damages was increased, *held* that, upon an appeal to the supreme court, it was necessary for defendant, in order to hold posession of the right of way pending the appeal, to deposit the additional damages also with the sheriff, and that the filing of a *supersedeas* bond did not relieve it of that duty. Such deposit not being made, plaintiff had the right to have defendant removed from the land, as provided by section 1258 of the Code.

*Appeals from Carroll Circuit Court.*

WEDNESDAY, APRIL 9.

THESE are proceedings to condemn the right of way for defendant's road through lands belonging to the plaintiffs. The lands are situated in Greene county. Appeals were taken to the circuit court from the assessments made by the commissioners appointed by the sheriff. The amounts of the assessments made by the commissioners were deposited with the sheriff. The venue of the proceedings was changed to the Carroll circuit court, where trials were had, and the damages awarded to the plaintiffs were greater than were allowed by the commissioners. The defendant appealed to this court, and gave supersedeas bonds to stay proceedings upon the awards of damages, pending the appeal. The plaintiffs, claiming that there was no authority for staying the proceedings by bond, and the defendant having proceeded to build and operate its road over the land, placed certified copies of the assessments in the hands of the sheriff, and he was about to proceed to put the defendant out of the possession of the premises. Thereupon, defendant moved to restrain the sheriff

from executing the order, pending the appeals, and these motions, and counter-motions by the plaintiffs, are now submitted for our determination.

*McDuffie & Howard*, for plaintiffs.

*Parsons & Runnells*, for defendant.

PER CURIAM.—The sole question presented by these motions is, whether the defendant may, under the statute, take possession of the land, and use and occupy the same pending the appeals, and stay proceedings by a supersedeas bond. The sections of the statute which, we think, are decisive of the question, are as follows:

Sec. 1255. "An appeal shall not delay the prosecution of the work upon said railway, if said corporation pays or deposits with the sheriff the amount assessed by the commissioners. Said sheriff shall not pay said deposit over to the person entitled thereto, after the service of notice of an appeal, but shall retain the same until the determination thereof."

Sec. 1257. "On the trial of the appeal, no judgment shall be rendered, except for costs. The amount of damages shall be ascertained and entered of record, and, if no money has been paid or deposited with the sheriff, the corporation shall pay the amount so ascertained, or deposit the same with the sheriff, before entering upon the premises."

Sec. 1258. "If on the trial of the appeal the damages awarded by the commissioners are increased, the corporation shall pay or deposit with the sheriff the full amount of damages awarded, before entering on, or in any manner whatever using or controlling, the premises. And said sheriff, upon being furnished with a certified copy of such assessment, may remove said corporation, its agents, servants or contractors, from said premises, unless the amount of the assessment is forthwith paid or deposited with him."

It is claimed by the defendant that, in case of an appeal to

this court, the deposit of the additional amount required by section 1258 need not be made, and that it has the right to take and hold possession of the land, and stay proceedings by a supersedeas bond.

We think it is very plain that this is not a proper construction of the statute. The requirement that the amount of the damages shall either be paid—that is, discharged and satisfied—or that it shall be deposited with the sheriff, is absolute and without qualification. The requirement cannot be dispensed with by giving a bond. The deposit must be made with the sheriff as a deposit, not as a payment, if an appeal be taken. It must remain as a deposit, pending the appeal. The intent of the law is obvious. It is this: No judgment is entered in the circuit court. The award of damages cannot, therefore, be enforced by execution, either from the circuit court or from this court, upon affirmance of the award. Section 1257 provides that no judgment shall be rendered. As no judgment is rendered, it is required that the corporation, if it desires to occupy the land, and also desires to appeal, shall deposit the damages with the sheriff, to be held by him to await the final decision, and then to be paid to the parties in accordance therewith. The law prescribes this method of paying the land owner the just compensation required to be paid to him by the constitution, and it is not within the power of the corporation to substitute bonds, where the law requires money, and thus compel the land owner to resort, it may be, to an action on the bond.

We think these provisions of the statute are so plain that they cannot be misunderstood, and the order heretofore made, restraining the sheriff from removing the defendant, its agents and servants, from the premises, is hereby set aside and vacated, and, unless the assessments be deposited with him within twenty days after the filing of this opinion, he is directed to proceed the same as though these motions had not been made.

MOTIONS OVERRULED.