MARGARET P. ROBERTSON, Appellant, v. J. J. HARTENBOWER,.
Mayor of Des Moines, *et al.*

Condemnation Proceedings: ABANDONMENT.    A condemnation of
private property by a city may be abandoned where the same
is in good faith and includes the entire proceedings, but if there
is not such a good faith abandonment the finding of the
sheriff's jury or of the trial jury on appeal constitutes an ad-
judication binding upon the condemnor.

*Appeal from Polk District Court.*—HON. S. F. PROUTY,
· · Judge.

FRIDAY, MAY 15, 1903.

IN September, 1899, the city council of Des Moines
commenced condemnation proceedings to acquire property
of the plaintiff for street extension purposes, as follows:
The north thirty-three feet of lot four, the south six feet
of lot nine, and a strip ·of ground in lot four, fifty feet,
wide by seventy-two feet long.    Commissioners were duly
appointed by the sheriff, and the plaintiff was awarded
$4,000 for the north thirty-three feet of lot · four, $200 for
the south six feet of lot nine, and $300 for the strip fifty
feet wide by seventy-two feet long in lot four; making a,
total award of $4,500.    The award was satisfactory to the
plaintiff, but was never accepted or paid by the defend
ant, nor did the defendant take possession of the land.
In November of the same year the defendant ordered the
same land in lot four condemned, and the south seven feet,
of lot nine instead of the six feet, as before.    New com-
missioners were appointed, and the following award made:
$2,500 for the north thirty-three feet of lot four, $225 for
the south seven feet of lot nine, and $475 for the strip
seventy-two feet long in lot four; making a total award

of $3,250. This was also satisfactory to the plaintiff, but was appealed from by the defendant, and the appeal dismissed in April, 1900. In March, 1901, the city ordered another condemnation of the plaintiff's land. This time it wanted the north forty-three feet of lot four, and the other land last above described. Commissioners were again appointed, and a new award made, as follows: For the north forty-three feet and the south seven feet of lot four $2,490, and for the other strip $200; making the total award $2,690. The amount of the last award was deposited with the sheriff by the defendant, and the plaintiff commenced *certiorari* proceedings to test the validity of the defendant's action. Her petition was dismissed, and she appeals.—*Reversed.*

*Macomber & Tankersley* and *E. T. Morris* for appellant.

*W. H. Bremner, M. H. Cohen* and *Raymond B. Alberson* for appel.ees.

SHERWIN, J.—But two questions are before us for consideration: First, did the city have the power to order the second and third condemnations of the same land for the same purpose? and, second, will a writ of *certiorari* lie to determine that question? The power given to cities and towns to condemn private property for public use is conferred by section 880 of the Code. Section 884 provides that the proceedings therefor "shall be in accordance with the provisions relating to taking private property for works of internal improvement, except that the jurors shall have the additional qualification of being freeholders of the city or town." The taking of private property for works of internal improvement is governed by title 10, chapter 4, Code, and the procedure therein required, so far as applicable to this case, is designated in sections 1999, 2000, 2008-2011, inclusive. The latter section pro-

vides for the trial of an appeal from the jury's award, and says: "Should the corporation decline to take the property and pay the damages awarded on final determination of the appeal, then it shall pay in addition to the costs and damages actually suffered by the landowner, reasonable attorney's fees to be taxed by the court." The appellees contend that under this section the defendants had the right to and did abandon the first two condemnations, and declined to take the property and pay the damages awarded. That this statute provides for the abandonment of the condemnation proceedings we do not doubt, and it may be conceded to be the rule in this and many of the other states that such proceeding may be abandoned even after an award by the sheriff's jury or upon an appeal. *Gear v. The Dubuque & Sioux City R. R. Co.*, 20 Iowa, 523; *Nelson v. Goodykoontz*, 47 Iowa, 32; 2 Lewis on Eminent Domain, section 656, and authorities cited in note thirteen.

But the abandonment contemplated by the statute, and by the authorities which we have been able to examine, is an abandonment in good faith of the entire proceedings and of the land for the purpose for which it was sought. In other words, it must be a complete surrender of the project so far as the land involved is concerned. The law permitting the taking of private property for public use is arbitrary in its nature, and should always be strictly construed to protect the rights of the landowner whose land may be thus taken, whether he so wills or not. The right of abandonment implied by this statute does not in our judgment, give the condemnor the power to abandon the award alone, or the power to abandon the entire roer-p ceeding simply for the purpose of securing another jury whose finding may be more favorable to him. If he were permitted to do this, he would be given an unfair advantage over the landowner never contemplated by the statute, and one which the courts will never sanction. If there

be not such a good-faith abandonment as we have designated, it is clear that the finding of the sheriff's jury where there is no appeal, or by the trial jury in case of an appeal, is an adjudication binding upon the condemnor. *Hupert v. Anderson et al*, 35 Iowa, 578; *State v. City of Keokuk*, 9 Iowa, 439; *Chicago, R. I. & P. R. Co. v. City of Chicago*, 148 Ill. 479 (32 N. E. Rep. 178); *Chicago, R. I. & P. R. R. Co. v. City of Chicago* 148 Ill. 479 (36 N. E. Rep. 72); *Illinois Central R. Co. v. City of Champaign*, 163 Ill. 524 (45 N. E. Rep. 120); *Rogers v. City of St. Charles*, 3 Mo. App. 41.

It is manifest that the defendant's so-called abandonment was not in good faith, and that it was for no other purpose than to straightway commence the same proceedings again, with the hope of securing a more favorable award. It is said, however, that *Corbin v. The Cedar Rapids Ry. Co.*, 66 Iowa, 73, sustains the action of the city council, and it must be confessed that some of the language of the opinion tends in that direction, but the facts in that case were entirely different from those before us. There the defendant conclusively proved a good-faith abandonment of the condemnation proceeding for two reasons: First, because it thought it had not proceeded legally; and, second, because its lessor had a contract for the purchase of the land, which it sought to enforce, but failed in so doing. Furthermore, the defendant was not dissatisfied with the amount of the award, but tendered it to the plaintiff in the second condemnation proceedings.

That *certiorari* will lie to determine the legality of the defendant's action has been held in *Hupert v. Anderson, supra,* and in *Rockwell v. Bowers*, 88 Iowa, 88.

The assignment of error we deem sufficient. The judgment is REVERSED.