**VIRGINIA MANOR, INC., Appellee,**

v.

**The CITY OF SIOUX CITY, Iowa, Appellant.**

**No. 58914.**

Supreme Court of Iowa.

Jan. 18, 1978.

Terrence L. Timmins, Sioux City, Asst. City Atty., for appellant.

Paul A. Mahr and Wilford M. Forker, Sioux City, for appellee.

Heard by MOORE, C. J., and MASON, LeGRAND, REYNOLDSON, and HARRIS, JJ.

REYNOLDSON, Justice.

This is an appeal by defendant Sioux City from an adverse judgment in a mandamus action brought by plaintiff Virginia Manor, Inc. (VMI) to compel the City and its council members to make an additional deposit ·with the sheriff following an increased award of damages in a district court appeal. See §§ 472.30, 472.31, The Code. For the purposes of this affirming opinion, we refer to the City as the sole defendant-appellant.

June 28, 1972, the City condemned real estate owned by VMI. The condemnation commission assessed the damages at $123,-240. This sum was deposited with the sheriff and paid to VMI by court order pursuant to § 472.25, The Code.

VMI appealed to district court. November 26, 1974, the jury fixed VMI's damages

at $232,260, an increase of $109,020 over the prior damage assessment. The City appealed from this award of damages. The April 14, 1977, affirming decision by the court of appeals became final May 4, 1977.

Meanwhile, on May 5, 1975, VMI made demand on the City to deposit with the sheriff the additional $109,020 awarded as damages by the district court jury. The City refused.

May 27, 1975, VMI brought this mandamus action to compel the City to make the additional $109,020 deposit "as required by Section 472.30 of the Code of Iowa and Section 18, Article I of the Constitution of the State of Iowa." VMI further prayed "for judgment against the defendants [City and council members], jointly and severally, for costs, including reasonable attorneys' fees."

The City moved to dismiss the petition, asserting the sole remedy available to VMI was ejectment under §§ 472.30 and 472.32, The Code. The City also contended that because a "plain, speedy, and adequate remedy" was available, a writ of mandamus should not issue.

VMI moved for summary judgment, alleging § 472.30, The Code, required the City to make the additional deposit. An affidavit attached to the motion disclosed the City "is now and has been since said date [June 28, 1972] in possession of said premises, graded ·the property and have [sic] continuously advertised the property for sale through its Urban Renewal Department."

Six days after submission of the above motion, the City filed a "Reply to Plaintiff's Motion for Summary Judgment." Attached was an affidavit which recited, "That save for the removal of the vacated North-South alley, grading of the lots to aid in the periodic performance of its statutory duties to control weeds during the summer months, and the one-time erection of a sign that has since been removed, neither the City * * * nor any of its agents has entered upon, been in possession of, controlled, or used the subject premises since June 28, 1972 * * *." This affidavit further asserted the City was no longer in possession and had "relinquished possession of and removed itself from said premises."

October 30, 1975, district court filed an order which overruled the City's motion to dismiss, struck the tardy "Reply to Plaintiff's Motion for Summary Judgment" with its accompanying affidavit, granted the motion for summary judgment filed by VMI and directed that writ of mandamus should issue. The court directed "further proceedings [concerning § 472.34 costs and attorney fees] shall be had when the issues have been made by further motions or pleadings relating thereto."

November 25, 1975, the City appealed to this court and posted a $300 supersedeas bond. After the district court clerk issued a writ of mandamus, we entered an order staying all district court proceedings pending this appeal.

September 13, 1977, VMI filed motion to dismiss this appeal as moot, alleging that in April 1977 (apparently upon affirmance of the district court damage award by the court of appeals) the City paid the full amount of damages, together with costs and attorney fees.

The City resists the motion to dismiss, asserting resolution of the question whether the deposit should have been made would be determinative of the City's liability for costs, including reasonable attorney fees as provided by § 472.34, The Code. It further argues the appeal ought to be retained because substantive issues of statutory and constitutional interpretation are involved. We concluded the motion should be submitted with the appeal.

Restructured, the issues in this case in proper order are:

1) Was the ruling below directing writ of mandamus issue a final order or judgment vesting this court with jurisdiction?

2) Is this case moot, and if so, is a decision nonetheless warranted on the merits?

3) Was mandamus a proper remedy to compel the City to make the § 472.30

additional deposit to bring the deposit up to the full amount of damages assessed?

4) Should the district court clerk have issued a writ of mandamus after the City had filed a notice of appeal and posted a $300 supersedeas bond?

## I. Jurisdiction.

VMI's "Petition for Writ of Mandamus" prayed for a writ requiring the deposit and "for judgment against defendants * * * for costs, including reasonable attorneys' fees." But the motion for summary judgment was limited to the mandamus relief, and the court's order was confined accordingly.

Because trial court did not rule on the merits of VMI's prayer for "costs, including reasonable attorneys' fees," VMI argues the summary judgment entered was an interlocutory order and not appealable. See rule 1, Iowa Rules of Appellate Procedure. We disagree.

The "Petition for Writ of Mandamus" was aimed at securing compliance with § 472.30, The Code ("If, on the trial of the appeal, the damages awarded by the commissioners are increased, the condemner shall, if he is already in possession of the property, make such additional deposit with the sheriff, as will, with the deposit already made, equal the entire damages allowed. * * * * ").

There is an indication in papers filed below and here that the other relief prayed for in VMI's petition—costs, including attorney fees—was based on a different statute, § 472.34 ("Should the applicant decline, at any time after an appeal is taken as provided in section 472.18, to take the property and pay the damages awarded, he shall pay, in addition to the costs and damages actually suffered by the landowner, reasonable attorney fees to be taxed by the court."). The City's brief asserts "that VMI's prayer for recovery of costs including reasonable attorneys' fees constitutes in actuality a separate cause of action."

The only allegation in VMI's petition which supports this branch of the prayer is a statement that plaintiff "will incur in the future indebtedness for attorney's fees in the enforcement of its statutory and constitutional rights." Chapter 661 ("Mandamus") makes no provisions for taxation of attorney fees as part of the costs. Ordinarily attorney fees are not recoverable as costs unless explicitly provided for by statute. *Harris v. Short*, 253 Iowa 1206, 1208, 115 N.W.2d 865, 866 (1962).

Properly pled, the joinder of a § 472.34 damage claim with this action for mandamus would have been improper. See § 611.12, The Code. In absence of an improper joinder motion pursuant to rule 27(b), Rules of Civil Procedure, the court could have severed such a claim for separate trial. Rule 186, R.C.P.

In the case before us, there was no proper pleading to support attorney fees under any theory. We view the court's ruling that such a claim should await "further motions or pleadings relating thereto" as merely preserving VMI's right, if any, to bring such a claim in the future, and rejecting consideration of such claim in the mandamus proceeding.

We think trial court's judgment was a final appealable disposition. We have the requisite jurisdiction to proceed.

## II. Mootness.

A mootness issue results from the City's payment of the additional damages, costs, and attorney fees in the condemnation case. It is raised by VMI's motion to dismiss and the City's resistance, described above.

The City argues against dismissal, asserting resolution of this mandamus issue would be determinative of its liability for § 472.34 costs, including attorney fees. But ordinarily we apply the rule that an appeal, otherwise moot, will not be decided merely to settle the issue of liability for costs. *Johnston v. Kirkville Ind. Sch. Dist.*, 240 Iowa 1328, 1329, 39 N.W.2d 287, 288 (1949); *Fish v. City of Sioux City*, 210 Iowa 862, 863–864, 232 N.W. 118, 118 (1930). We

need not decide whether this rule should be invoked where, as here, the cost question differs materially from the usual question of costs on appeal. See 5 C.J.S., Appeal & Error, § 1354(1)d, pp. 417–418 (1958). A more fundamental rule applies.

Where the issue presented has constitutional implications, the requisite degree of public interest, involves statutory construction and is likely to recur, we sometimes will adjudicate an appeal otherwise moot. *Catholic Char. of Arch. of Dubuque v. Zalesky*, 232 N.W.2d 539, 543 (Iowa 1975); *Board of Dir. of Ind. Sch. Dist. of Waterloo v. Green*, 259 Iowa 1260, 1264, 147 N.W.2d 854, 856 (1967).

The question here necessarily has a bearing on whether § 472.30 as interpreted by the City violates the constitutional mandate that "[p]rivate property shall not be taken for public use without just compensation first being made, *or secured to be made* to the owner thereof, as soon as the damages shall be assessed by a jury * * *." (emphasis supplied) Iowa Constitution, art. I, § 18.

■ The City contends with some logic a statutory interpretation to determine available remedies would be invaluable in charting the future course of potential condemners, including painful budgetary decisions. It further asserts the substantive issues of a condemnation appeal ordinarily will be reached before the issue of availability of mandamus where the condemner claims it has an option to withhold a § 472.30 deposit. Thus the likelihood of recurring mootness in similar cases requires we reach the merits of the issue now. We agree.

### III. *Mandamus.*

We have noted the § 472.30 language which VMI relied on in launching the mandamus action. It plainly provides "the condemner *shall*, if he is already in possession of the property, make such additional deposit with the sheriff, as will, with the deposit already made, equal the entire damages allowed." (emphasis supplied) Of course, the word "shall" is to be construed

as imposing a duty. § 4.1(36)(a), The Code. The remedy VMI selected was a logical choice under the statutory definition of mandamus contained in § 661.1, The Code:

"The action of mandamus is one brought to obtain an order commanding an inferior tribunal, board, corporation, or person to do or not to do an act, the performance or omission of which the law enjoins as a duty resulting from an office, trust, or station."

The City does not deny that under some circumstances it would be subject to mandamus. For example, we have consistently held mandamus will lie to compel condemnation when property is taken for public use absent exercise of eminent domain or when the appropriating agency refuses to pay for the property taken. *Forst v. Sioux City*, 209 N.W.2d 5, 6 (Iowa 1973) and citations; 27 Am.Jur.2d, Eminent Domain, § 490, pp. 438–441 (1966). Mandamus also will lie to compel steps to be taken to raise money to pay the award or to pay from a fund already in existence. 6A Nichols on Eminent Domain, § 28.21, p. 28–36 (3d ed. 1976).

But the City contends the remedy was unavailable here because VMI had an adequate legal remedy provided by § 472.32, The Code:

"The sheriff, upon being furnished with a copy of the assessment as determined on appeal, certified to by the clerk of the district court, may remove from said premises the condemner and all persons acting for or under him, unless the amount of the assessment is forthwith paid or deposited as hereinbefore provided."

■ It is true § 661.7, The Code, provides "[a]n order of mandamus shall not be issued in any case where there is a plain, speedy, and adequate remedy in the ordinary course of the law, save as herein provided." This is but a repetition of the common-law rule. 55 C.J.S., Mandamus, § 17a, pp. 41–47 (1948). But the other remedy must be competent to afford relief on the very subject matter in question, and be equally conve-

nient, beneficial and effectual. *Pierce v. Green*, 229 Iowa 22, 47, 294 N.W. 237, 252 (1940); 55 C.J.S., Mandamus, § 17b, pp. 47–49 (1948).

The City spins the following rationale to justify its position. Section 472.34 recognizes an abandonment of the condemnation may be had "at any time after an appeal is taken." This implies a temporary taking is constitutionally acceptable, and the property may be returned to the condemnee at some point in time. City's brief asserts "Deposit of the additional award can be obtained by the condemnee only when the condemner takes and/or remains in possession and then only by threat of ejectment. Relinquishment of possession by the condemner makes such deposit unnecessary."

 Of course the condemner may abandon the condemnation at any time. See § 472.34, The Code; *Atherton v. State Conservation Commission*, 203 N.W.2d 620, 621–622 (Iowa 1973). But the abandonment contemplated by the statute "is an abandonment in good faith of the entire proceedings and of the land for the purposes for which it was sought." *Wheatley v. City of Fairfield*, 221 Iowa 66, 80, 264 N.W. 906, 913 (1936), quoting *Robertson v. Hartenbower*, 120 Iowa 410, 412, 94 N.W. 857, 858 (1903). Such an abandonment ordinarily includes two elements; first, an intention to abandon, and second, some external act to effectuate such intention. Annot., "Abandonment of Eminent Domain Proceedings" 68 A.L.R.3d 610, 613 (1976).

We are not convinced the § 472.30 requirement that the "condemner, *shall* if he is already in possession of the property, make such additional deposit" may be so adroitly short-circuited. We have already noted this statute is an implementation of the constitutional requirement that just compensation shall be "secured to be made" to the property owner. Iowa Constitution, art. I, § 18. This court has consistently held that statutes providing for exercise of eminent domain must be strictly complied with and restricted to their expression and intent. *State v. Johann*, 207 N.W.2d 21, 24 (Iowa 1973); *Bourjaily v. Johnson County*, 167 N.W.2d 630, 633 (Iowa 1969).

In *Downing v. The Des Moines Northwestern R. Company*, 63 Iowa 177, 18 N.W. 862 (1884), the railroad was in possession of the condemned land and, appealing to this court, sought to substitute a supersedeas bond for the statutory additional deposit. This court rejected this theory, stating:

"The requirement that the amount of the damages shall either be paid—that is, discharged and satisfied—or that it shall be deposited with the sheriff, is absolute and without qualification. * * * The intent of the law is obvious. It is this: No judgment is entered in the circuit court. The award of damages cannot, therefore, be enforced by execution, either from the circuit court or from this court, upon affirmance of the award. Section 1257 [§ 472.23, The Code, 1977] provides that no judgment shall be rendered. As no judgment is rendered, it is required that the corporation, if it desires to occupy the land, and also desires to appeal, shall deposit the damages with the sheriff, to be held by him to await the final decision, and then to be paid to the parties in accordance therewith. The law prescribes this method of paying the land-owner the just compensation required to be paid to him by the constitution, and it is not within the power of the corporation to substitute bonds, where the law requires money, and thus compel the land-owner to resort, it may be, to an action on the bond."

—63 Iowa at 179, 18 N.W. at 863

We believe the same reasoning applies here. These statutes, construed strictly to protect the constitutional property rights of the owner, cannot mean the condemner has the option to force the property owner to bring an ejectment action to recover his or her property while the former pursues its appeal. It is illogical that the property owner should be compelled to bring an ejectment action to force the condemner to perform a duty plainly imposed on it by statute and the Iowa Constitution.

 It also is obvious the condemner cannot be permitted to take possession and

then, without abandoning its appeal to this court, return the property to the owner, in whatever condition it then might be, to avoid making the additional deposit. Such a procedure would violate the fundamental law which carefully guards "the citizen in the quiet and proper enjoyment of his property." See *Henry v. The Dubuque & Pacific Railroad Company*, 10 Iowa 540, 545 (1860).

We hold that once the condemner goes into possession, and in the absence of a good faith abandonment of the appeal, there arises a duty to make the § 472.30 additional deposit. It is the ante the condemner must make to stay in the game.

We further hold ejectment is not as "equally convenient, beneficial, and effective" as mandamus under the facts before us. It will not invariably compel compliance with § 472.30. It will provide no protection for the condemnee who suffers damages.

Trial court was right in ordering a writ of mandamus to issue to compel compliance with § 472.30.

IV. *Bond.*

The City complains the district court clerk should not have issued a writ of mandamus in this case after it had posted a $300 supersedeas bond. It points out VMI brought no application under rule 338, Iowa Rules of Civil Procedure (see rule 8, Rules of Appellate Procedure) to review sufficiency of the bond.

In any event, an order from this court stayed the operative effect of the writ. This question is moot. We do not suppose it will recur and therefore we will not consider it.

The judgment below is affirmed. Costs below and in this court are taxed to the City.

AFFIRMED.