**VIRGINIA MANOR, INC., Appellant,**

v.

**CITY OF SIOUX CITY, Iowa, Appellee.**

**No. 62165.**

Supreme Court of Iowa.

March 21, 1979.

Paul A. Mahr and Wilford M. Forker, Sioux City, for appellant.

Terrence L. Timmins, Asst. City Atty., Sioux City, for appellee.

Considered by LeGRAND, P. J., and UHLENHOPP, HARRIS, McCORMICK and ALLBEE, JJ.

UHLENHOPP, Justice.

We have here to decide whether a condemnee in an eminent domain proceeding can recover damages, costs, and attorney fees incurred in a related mandamus case. *See Virginia Manor, Inc. v. City of Sioux City*, 261 N.W.2d 510 (Iowa 1978).

Virginia Manor owned real estate in Sioux City, Iowa, which the City condemned for urban renewal purposes. Condemnation commissioners assessed Virginia Manor's damages in the amount of $123,240, which the City deposited with the sheriff and the sheriff paid to Virginia Manor under court order. The parties do not dispute that the City took possession of the real estate on June 28, 1972, and has retained possession since that time.

Virginia Manor appealed to Woodbury District Court. After a change of venue to Crawford District Court, a jury on November 26, 1974, assessed the damages at $232,260, an increase of $109.020. The City filed a motion for new trial, and Virginia Manor filed an application for attorney fees, interest, and costs in connection with the condemnation. *See* § 472.33, The Code 1973. On April 24, 1975, the district court overruled the motion for new trial and allowed Virginia Manor $36,338 in attorney fees and also interest on the damages and on the attorney fees. The City appealed to this court, and we transferred the appeal to the Court of Appeals.

On May 5, 1975, while the condemnation appeal was pending, Virginia Manor made demand on the City to deposit the additional amount of $109,020 with the sheriff pursuant to § 472.30, The Code 1975 ("If, on the trial of the appeal [in district court], the damages awarded by the commissioners are increased, the condemner shall, if he is already in possession of the property, make such additional deposit with the sheriff, as will, with the deposit already made, equal the entire damages allowed."). The City refused to make the additional deposit.

On May 27, 1975, Virginia Manor brought a mandamus action against the City in Woodbury District Court to require the City to deposit $109,020 and to pay "costs, including reasonable attorneys' fees." Virginia Manor subsequently moved for summary judgment in that action, and on October 30, 1975, the district court granted Virginia Manor summary judgment and ordered that a writ of mandamus issue. The court directed that further proceedings concerning costs and attorney fees "shall be had when the issues have been made by further motions or pleadings relating thereto." The City appealed to this court again; we retained that appeal.

On April 14, 1977, the Court of Appeals affirmed the damage assessment of $232,260 in the condemnation case. The parties then corresponded regarding the amounts the City owed Virginia Manor in that case over and above the original deposit of $123,240, and by letter on April 27, 1977, Virginia Manor's attorneys stated those amounts to be $140,657.53 principal and interest as of May 1, 1977, and $20.95 daily interest thereafter, and $41,474.04 attorney fees and interest as of the same date, and $6.97 daily interest thereafter. The letter further stated:

4. Mandamus proceeding now on appeal.
The City upon payment of the above items should dismiss their appeal as moot and pay the court costs. The Court has not yet fixed our fees on the mandamus

proceeding. This includes all the preparation, court room time and appeal which exceeds 100 hours. However, rather than drag this out any further, we will settle for $6,000.00, attorney fees for the mandamus. If this is not agreeable, we will have the Court set our fee and also determine whether it should be paid by the City of Sioux City or by the individual counsel [*sic*] members as set out in *Lehan v. Gregg*, 257 Iowa 823, 135 N.W.2d 80.

On May 9, 1977, the City paid Virginia Manor the principal in the condemnation case together with interest to that date, the sum of $140,825.13, and Virginia Manor through its attorneys executed a Satisfaction accordingly reciting in paragraphs 6, 7, and 8:

6. That the undersigned hereby acknowledges receipt of a City Warrant in the sum of $140,825.13, payable to Virginia Manor, Inc.

7. That Virginia Manor, Inc. has received all amounts due it under the decree herein as compensation for said taking, plus interest; that said cause is settled; that Virginia Manor, Inc. now has no claims against said property; and that title to said property now resides in the City of Sioux City, Iowa, as condemnor.

8. That the defendant must still satisfy the judgment herein in favor of plaintiff and its undersigned attorneys for costs including attorneys' fees.

On the same day the City paid to the Crawford District Court clerk the attorney fees in the condemnation case together with interest to that date, the sum of $41,723.59. The clerk remitted that amount to Virginia Manor's attorneys.

On September 13, 1977, Virginia Manor moved in this court to dismiss the City's appeal in the mandamus action. The City resisted, and we ordered the motion submitted with the appeal. On January 18, 1978, we decided that appeal, overruled the motion to dismiss, and affirmed the summary judgment. *Virginia Manor, Inc. v. City of Sioux City*, 261 N.W.2d 510 (Iowa 1978).

In the course of our opinion in that appeal we addressed Virginia Manor's contention that the mandamus summary judgment was not final because an undecided issue remained in the district court—that court did not rule on Virginia Manor's prayer for costs including attorney fees. We stated:

The only allegation in VMI's petition which supports this branch of the prayer is a statement that plaintiff "will incur in the future indebtedness for attorney's fees in the enforcement of its statutory and constitutional rights." Chapter 661 ("Mandamus") makes no provisions for taxation of attorney fees as part of the costs. Ordinarily attorney fees are not recoverable as costs unless explicitly provided for by statute. *Harris v. Short*, 253 Iowa 1206, 1208, 115 N.W.2d 865, 866 (1962).

Properly pled, the joinder of a § 472.34 damage claim with this action for mandamus would have been improper. See § 611.12, The Code. In absence of an improper joinder motion pursuant to rule 27(b), Rules of Civil Procedure, the court could have severed such a claim for separate trial. Rule 186, R.C.P.

In the case before us, there was no proper pleading to support attorney fees under any theory. We view the court's ruling that such a claim should await "further motions or pleadings relating thereto" as merely preserving VMI's right, if any, to bring such a claim in the future, and rejecting consideration of such claim in the mandamus proceeding.

We think trial court's judgment was a final appealable disposition. We have the requisite jurisdiction to proceed. *Virginia Manor, Inc.*, 261 N.W.2d at 513.

On March 9, 1978, in the condemnation action in Crawford District Court, Virginia Manor filed the instant application for costs, damages, and attorney fees incurred in the mandamus action in Woodbury County, alleging the relevant facts and grounding the application on § 472.34, The Code 1977. The City resisted on several grounds. After hearing, the trial court denied the application. The court cited §§ 472.33 and 472.34 of the Code and stated inter alia:

This court concludes that one of the elements of the right to recover under this section is that the applicant for condemnation declined to take the property. There is no allegation in plaintiff's application now under consideration that the city declined to take the property. This court further concludes that Sections 472.33 and 472.34 are alternate provisions, and if there is recovery on one, there cannot be recovery on the other.

Section 472.33 of the Code provides:

The applicant shall pay all costs of the assessment made by the commissioners and reasonable attorney fees and costs incurred by the condemnee as determined by the commissioners if the award of the commissioners exceeds one hundred ten percent of the final offer of the applicant prior to condemnation. The applicant shall file with the sheriff an affidavit setting forth the most recent offer made to the person whose property is sought to be condemned. Members of such commissions shall receive a per diem of fifty dollars and actual and necessary expenses incurred in the performance of their official duties. The applicant shall also pay all costs occasioned by the appeal, including reasonable attorney fees to be taxed by the court, unless on the trial thereof the same or a less amount of damages is awarded than was allowed by the tribunal from which the appeal was taken.

Section 472.34 provides:

Should the applicant decline, at any time after an appeal is taken as provided in section 472.18, to take the property and pay the damages awarded, he shall pay, in addition to the costs and damages actually suffered by the landowner, reasonable attorney fees to be taxed by the court.

Virginia Manor appealed to this court, and such is the appeal now before us.

The City urges several grounds in support of the trial court's decision that § 472.34 is inapplicable, but we find no necessity to go beyond the first ground stated by that court. Assuming without holding that the attorney fees and items in question were rendered and incurred in the condemnation proceeding, § 472.34 is inapplicable because the City took and retained the real estate.

Sections 472.33 and 472.34 are "alternative sections." *Atherton v. State Conservation Commission*, 203 N.W.2d 620, 622 (Iowa 1973). We there stated: "Section 472.33 provides for reimbursement for out-of-pocket costs *where the property is actually taken by condemnation.* Section 472.34 provides for such reimbursement where the property is threatened to be taken *but eventually is not.*" (Italics added.) Regarding the situation covered by § 472.34 we stated in *Virginia Manor, Inc.*, 261 N.W.2d at 515:

Of course the condemner may abandon the condemnation at any time. See § 472.34, The Code; *Atherton v. State Conservation Commission*, 203 N.W.2d 620, 621–622 (Iowa 1973). But the abandonment contemplated by the statute "is an abandonment in good faith of the entire proceedings and of the land for the purposes for which it was sought." *Wheatley v. City of Fairfield*, 221 Iowa 66, 80, 264 N.W. 906, 913 (1936), quoting *Robertson v. Hartenbower*, 120 Iowa 410, 412, 94 N.W. 857, 858 (1903). Such an abandonment ordinarily includes two elements; first, an intention to abandon, and second, some external act to effectuate such intention. Annot., "Abandonment of Eminent Domain Proceedings" 68 A.L.R.3d 610, 613 (1976).

Since the City took and retained the real estate, § 472.34 does not apply. The trial court properly denied Virginia Manor's application founded on that section.

AFFIRMED.