CITY OF DES MOINES, Appellant,

v.

GELLER GLASS & UPHOLSTERY, INC., Appellee,

and

Jerome and Barbara Rose GELLER, Appellees,

v.

CITY OF DES MOINES, Appellant.

No. 66330.

Supreme Court of Iowa.

May 19, 1982.

---

Nelda Barrow Mickle, Asst. City Atty., Des Moines, for appellant.

John R. Ward, Des Moines, for appellees.

Considered by REYNOLDSON, C. J., and UHLENHOPP, McCORMICK, ALLBEE and McGIVERIN, JJ.

McGIVERIN, Justice.

This is an appeal by condemner City of Des Moines (City) from an adverse judgment in a condemnation proceeding which awarded the proceeds of a rent escrow account to condemnees, Jerome and Barbara Rose Geller (Gellers) and Geller Glass & Upholstery, Inc., (GGU). The appeal raises a single controlling issue of whether the condemnee or the condemner is entitled to possession of a condemned property interest if the condemner fails to make a deposit of damages pursuant to section 472.-25, The Code, or additional deposits pursuant to section 472.30. We find that trial court's resolution of this issue in the favor of the condemnees was correct under the record in this case and affirm, with modification, its ruling.

This eminent domain case arose in 1978. At that time Gellers were owners of record of a parcel of real property located at 417–27 East Walnut and 228 East Fifth in Des Moines. There were several structures on the property which were used by GGU and other tenants for various commercial enterprises. On September 22, 1978, the City filed an application to acquire and condemn the fee simple interest Gellers held in the property. § 472.3, The Code. The compensation commission convened on October 17, 1978, assessed damages at $64,000, and subsequently filed a written report of its appraisement with the Polk County sheriff. §§ 472.4, .14.

Gellers appealed the award to the Polk District Court. § 472.18. On November 22, the City deposited the $64,000 award with the Polk County sheriff pursuant to section 472.25. Gellers applied for and the court ordered disbursement of these funds to Gellers. § 472.25.

During the pendency of Gellers' appeal, it came to the attention of the City that GGU held an oral leasehold interest in the property. On March 13, 1979, the City filed an application to condemn this leasehold. § 472.3. The compensation commission assessed damages at $37,000 on April 3, 1979. § 472.4, .14. The City did not deposit the $37,000 award with the sheriff pursuant to section 472.25.

Both the City and GGU appealed the leasehold award to Polk District Court. § 472.18. The fee simple and leasehold appeals were consolidated and proceeded to jury trial. The jury returned a verdict of $90,000 for Gellers' fee simple interest and $42,500 for GGU's leasehold. Trial court entered judgment on June 27, 1979. Upon condemnees' motion, trial court awarded Gellers and GGU attorneys' fees on August 8, 1979. Also, trial court awarded the condemnees interest on the awards: 1) to Gellers, seven percent per annum on $90,000 from October 17, 1978, to November 22, 1978, and seven percent per annum on $26,-000 from November 22, 1978; 2) to GGU, seven percent per annum on $42,500 from October 17, 1978. The City made no deposit of these additional damages pursuant to section 472.30.

The City appealed and we transferred the case to the court of appeals. Supreme Court Rule 4(b).

In an opinion filed on April 29, 1980, the court of appeals affirmed the $90,000 award to Gellers, the $42,500 award to GGU and interest thereon and the attorneys' fees awards.[1] *City of Des Moines v. Geller Glass and Upholstery Inc.*, 297 N.W.2d 385 (Iowa Ct.App.1980) (table). After further review was denied, procedendo issued on July 1, 1980. Iowa R.App.P. 29. On July 23, 1980, the City deposited with the Polk County sheriff the amounts required by all the preceding judgments, including interest. §§ 472.25, .30.

The present appeal involves a dispute over rent payments put into escrow by GGU for the period from July 1, 1979, to July 23, 1980. In order to retain possession of the condemned premises, GGU paid the City $5,836.70 in rent to cover the period from November 22, 1978 (when the City's initial section—472.25 deposit of the $64,000 compensation commission award to Gellers was made) to June 30, 1979, three days

after the entry of judgment of higher awards by the district court. Because the City did not make additional deposits pursuant to section 472.30 after the June 27, 1979, judgment, GGU refused to pay the City rent from July 1, 1979, until July 23, 1980, when the City finally made the requisite deposits after its appeals failed. GGU did, however, pay $10,204.90 into a rent escrow account for that period of time. This sum is the subject of the current dispute.

After hearing on an application by the parties for determination of their rights to the rent escrow fund, the district court ruled on rents and other issues. It found, *inter alia*: 1) GGU was precluded from seeking the return of $5,836.70 paid as rent to the City from November 22, 1978, to June 30, 1979; and 2) GGU was entitled to the $10,204.90 deposited in the rent escrow account.

The City again appealed.

The City contends trial court erred in finding condemnees were entitled to possession of their property interests from July 1, 1979, to July 23, 1980, due to condemner City's failure to make deposits pursuant to section 472.25 or additional deposits pursuant to section 472.30. In this case, the contention affects the question of entitlement to rents. We find no error in trial court's resolution of this issue.

Iowa Const.Art. I, § 18, is the basic law governing the exercise of the power of eminent domain in this state. It provides, in pertinent part:

Private property shall not be taken for public use without just compensation first being made, or secured to be made to the owner thereof, as soon as the damages shall be assessed by a jury, who shall not take into consideration any advantages that may result to said owner on account of the improvement for which it is taken.

1. The city failed to challenge what may have been an improperly calculated interest award in this first appeal. The court of appeals decision was, therefore, final as to the propriety of the interest award and that matter is not before us now. See *Jamison v. B. & W. R'y Co.*, 87

Iowa 265, 267–68, 54 N.W. 242, 242 (1893); *Hayes v. Chicago, Milwaukee & St. Paul Railway Co.*, 64 Iowa 753, 755, 19 N.W. 245, 245 (1884). See also *Hammer v. County of Ida*, 231 N.W.2d 896, 900 (Iowa 1975).

Chapter 472, "Procedure Under Power of Eminent Domain," governs the procedure to be followed in condemnation proceedings and helps to protect "the citizen in the quiet and proper enjoyment of his property." *See Virginia Manor, Inc. v. City of Sioux City*, 261 N.W.2d 510, 516 (Iowa 1978); *Henry v. The Dubuque & Pacific Railroad Co.*, 10 Iowa 540, 544–45 (1860).

Section 472.25 provides:

Upon the filing of the commissioners' report with the sheriff, the applicant may deposit with the sheriff the amount assessed in favor of a claimant, and thereupon the applicant shall, except as otherwise provided, have the right to take possession of the land condemned and proceed with the improvement. No appeal from said assessment shall affect such right, except as otherwise provided. Upon appeal from the commissioners' award of damages the district court, wherein said appeal is pending, may direct that such part of the amount of damages deposited with the sheriff, as it finds just and proper, be paid to persons entitled thereto. If upon trial of said appeal a lesser amount is awarded the difference between the amount so awarded and the amount paid as above provided shall be repaid by the person or persons to whom the same was paid and upon failure to make such repayment the party entitled thereto shall have judgment entered against the person or persons who received such excess payment.

Section 472.30 provides:

If, on the trial of the appeal, the damages awarded by the commissioners are increased, the condemner shall, if he is already in possession of the property, make such additional deposit with the sheriff, as will, with the deposit already made, equal the entire damages allowed. If the condemner be not already in possession, he shall deposit with the sheriff the entire damages awarded, before entering on, using, or controlling the premises.

■ The statutory provisions regulating the exercise of the power of eminent domain must be strictly complied with and they are construed strictly to protect the constitutional property rights of the owner. *Virginia Manor*, 261 N.W.2d at 515; *State v. Johann*, 207 N.W.2d 21, 24 (Iowa 1973); *Bourjaily v. Johnson County*, 167 N.W.2d 630, 633 (Iowa 1969).

■ "[A] 'taking' does not necessarily mean the appropriation of the fee. It may be anything which substantially deprives one of the use and enjoyment of his property or a portion thereof." *Phelps v. Board of Supervisors of County of Muscatine*, 211 N.W.2d 274, 276 (Iowa 1973). An oral leasehold is a property interest that is compensable when taken through the exercise of the right of eminent domain. *Fritz v. Iowa State Highway Commission*, 270 N.W.2d 835, 837–41 (Iowa 1978). *See Batcheller v. Iowa State Highway Commission*, 251 Iowa 364, 368, 101 N.W.2d 30, 33 (1960). In the present case both Gellers and GGU suffered a taking in the constitutional sense when the City finally compensated them on July 23, 1980. *Peterson v. Ferreby*, 30 Iowa 327, 329–30 (1870).

The City's right to collect rent from GGU for its use of the premises after November 22, 1978, depends on the City's right to possess the fee interest of Gellers. After the November 22 deposit of $64,000 with the sheriff, the City had the right of possession of the property pursuant to section 472.25. An appeal pursuant to section 472.18 did not interfere with this right. *See Iowa Department of Transportation v. Read*, 262 N.W.2d 533, 537 (Iowa 1978); *Noble v. The Des Moines & St. Louis R'y Co.*, 61 Iowa 637, 639, 17 N.W. 26, 27 (1883). Since it did not take physical possession of the premises, the City was entitled to take the owners' interest as lessor and collect rent from GGU. The City was then standing in the shoes of Gellers for that purpose. Trial court correctly ruled that the City was entitled to the $5,836.70 paid in rent by GGU from November 22, 1978, to June 30, 1979.

■ The City's right to possession of Gellers' fee interest expired on June 27, 1979, when trial court entered judgment on an

increased jury award for Gellers. In order to retain the right of possession, the City had to deposit an additional $26,000 ($90,000–$64,000) with the sheriff. § 472.30. As we said in *Virginia Manor*, this additional deposit "is the ante the condemner must make to stay in the game." 261 N.W.2d at 516. The City failed to make its required section–472.30 deposit. Therefore, it lost its right of possession of the Geller fee simple interest from June 27, 1979, until July 23, 1980. The late deposit, on July 23, 1980, of both original and additional damage awards plus interest and attorney fees does not revive the City's right of possession retrospectively to the period before that date. Because the City lost the right of possession for this period, it also lost its right to collect rents from GGU by standing in the shoes of the lessor. We believe trial court correctly held GGU was entitled to return of the $10,204.90, which it had paid into the rent escrow account, subject to a modification.[2]

As an additional reason supporting the trial court ruling, the City did not have the right to possession of GGU's leasehold until July 23, 1980. The City failed to make the section–472.25 deposit of $37,000 after the April 3, 1979, compensation commission award to GGU, and also failed to make the section–472.30 additional deposit of $5,500 after the June 27, 1979, district court judgment on the increased jury award to GGU.

■ The City's failure to comply with sections 472.25 and .30 precluded its right to possession and rent from June 27, 1979, until July 23, 1980. While condemnees' rent-free possession of the premises might appear to be a windfall, such a result is necessitated by the condemner's failure to comply with the statutory provisions regulating the exercise of the right to possession in an eminent domain case. Trial court correctly concluded the rent escrow should be returned to GGU.

However, we are compelled by a need to avoid excessive compensation to modify trial court's order. Prior to July 4, 1959, while an appeal of the compensation commission or district court award was pending the remedy for a landowner who was put out of possession and did not have the use of the deposit money was interest on the award. *Hayes v. Chicago, Milwaukee & St. Paul Railway Co.*, 64 Iowa 753, 756, 19 N.W. 245, 246 (1884); *see Iowa Development Co. v. Iowa State Highway Comm.*, 252 Iowa 978, 993, 108 N.W.2d 487, 496 (1961). After July 4, 1959, section 472.25 allowed such a landowner-condemnee to be paid the award under court order. 1959 Iowa Acts, 58 G.A., Ch. 318, § 1.

■ In the present case Gellers were paid interest on the award as they would have been under pre-1959 law. Because the City did not comply with section 472.30 requiring it to increase the deposit, it did not have a right to possession from the point of that failure. Thus, under section 472.30, Gellers are entitled to the rent in lieu of the increased damages the City should have deposited.

■ The statutory scheme after July 4, 1959, allowing for use of the award by the condemnee, is a substitutionary remedy. We do not believe it could have been the legislature's intent that an owner get both his common law, or pre–1959, and statutory remedies. To the extent the common law remedy has been utilized, whether it should have been now being a moot point, the statutory remedy should not apply. Therefore, Gellers' right to rent must be limited to the extent to which compensation has been received through other means. Hence the interest already paid to Gellers should be offset against the rents. The recovery of rent to Gellers is thus pro tanto, no more nor less than to assure full compensation to the owner for the City's failure to increase the deposit pursuant to section 472.30.

Accordingly, the City shall be entitled to an offset or credit for the seven percent interest it has paid to Gellers, owners of the fee simple, on $26,000 from July 1, 1979,

---

**2.** Gellers, as lessors, may have a claim against GGU for rent from June 27, 1979, to July 23, 1980.

until July 23, 1980.[3]  This credit shall be paid to the City from the rent escrow account.  The remainder of the account shall be paid to GGU.

We have considered all of the other contentions of the parties and do not find them dispositive of this case.  The order of the district court is therefore affirmed as modified.  We return the case to district court for computations and entry of an order consistent with this opinion.

AFFIRMED  AS  MODIFIED;  REMANDED.

---

**3.**  The City does not raise the issue of whether it should receive the interest paid to GGU and that issue is therefore waived.  Iowa R.App.P. 14(a)(3).